## WILLIAM L. HARPER *et al.*

### *v.*

## D. J. ELY *et al.*

1. MORTGAGE—*when mortgagee is rightfully in possession.* Where a sale is had under a deed of trust and the premises are purchased by the holder of the debt for default in payment, and the debtor causes the sale to be set aside, in equity, for an irregularity and fraud in the same, the purchaser will be regarded as a mortgagee in possession for condition broken, and not as a trespasser.

2. SAME—*payment for taxes and insurance on redemption.* Where, by the terms of a mortgage, the mortgagor is required to pay the taxes as they become due and keep the property insured, and the mortgagee takes possession for default, he will have the right to keep the premises insured and make the rents pay for the cost of the same and the taxes.

3. SAME—*rule for charging mortgagee in possession with rents on bill to redeem.* On bill to redeem from a mortgage, where the mortgagee has been in possession, the latter will be charged with the rents actually received, and what could have been received by reasonable care and diligence.

4. SAME—*allowing prior incumbrances discharged to mortgagee on bill to redeem.* A mortgagee, on bill to redeem, will be allowed all sums advanced by him to remove prior incumbrances, and if the prior incumbrance bore ten per cent interest as well as the mortgage debt, the mortgagee will be subrogated to the rights of the prior lien creditor, and may be allowed the same rate of interest.

5. SAME—*whether mortgagee in possession is entitled to commissions for rents collected.* On bill to redeem from a mortgage, where the mortgagee is in possession, the mortgagee will not be allowed commissions for collecting rents and looking after the property. It will be enough if he is allowed what he pays out for collecting the rents.

6. SAME—*right to possession.* Where a mortgagee is in possession for condition broken, he will have the right to keep the same until his debt is fully paid.

7. SAME—*costs on-bill to redeem.* It is a well settled rule that, on a bill to redeem from a mortgage after condition broken, the complainant should pay the costs.

8. INTEREST—*on coupons given for interest.* Where a mortgage is given to secure a principal sum and coupons given for interest thereon, they will draw interest after their maturity, the same as a note.

9. EVIDENCE—*right to have books, when produced on notice.* Where a party is required to produce his books of account to be used as evidence, and he produces not the books of original entries, but his ledger, which was not embraced in the notice, and which is inspected, merely, by the opposite party, he will not have the right to have the same considered as evidence in his favor.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. MOORE & CAULFIELD, for the appellants.

Messrs. KING, SCOTT & PAYSON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was before this court at the September term, 1870, and the former decree rendered by the circuit court was reversed, and the cause remanded for further proceedings consistent with the opinion filed. *Harper et al. v. Ely et al.* 56 Ill. 181.

Pursuant to the opinion and judgment of this court, the circuit court rendered a decree, in which the sale and conveyances made under it were set aside, and the cause was referred to the master in chancery to state an account showing the amount which should be a lien on the property, and which is due to the defendants, B. F. Haddock, D. J. Ely, Z. T. Ely, Jas. McQuestion and M. C. Thompson, if any, and showing how much is due and owing by defendants B. F. Haddock, D. J. Ely and Z. T. Ely, to complainant Harper, on account of the rents which they, or any of them, have or should have received.

Proof was taken by the master, and he made a report to the court, which is very lengthy, and which states the ac-

counts in detail. After deducting all moneys received on account of rents, he finds, and thus reports the amount due D. J. & Z. T. Ely, which is a lien on the property, $9951.63.

To this report the complainants filed six exceptions, and the defendants filed three exceptions, all of which were overruled by the court, and a decree rendered requiring complainants to pay within sixty days to D. J. & Z. T. Ely, said sum of $9951.63, and upon payment, possession of the premises should be surrendered, and in default of payment the bill be dismissed. The complainants have appealed and assign various errors.

It is insisted that Haddock and his grantees were trespassers in possession of the property, and in stating the account they should not be allowed for taxes and insurance paid, and that they should be held responsible for the highest rental value of the premises.

We do not regard this position as tenable. When Bradley failed to pay the interest upon the debt due Haddock, secured by trust deed, Haddock, according to the terms of the contract between him and Bradley, declared the whole debt due, sold the premises and took possession. When the case was before this court before, the sale was held void, on the ground that Haddock was virtually the purchaser at his own sale, and that Ely, the grantee of Haddock at the time he purchased, had notice of facts sufficient to put a prudent man on inquiry, in regard to the fraudulent sale, and hence it followed that the sale and subsequent conveyance to Ely should be set aside.

This left Ely, who held the mortgage debt against Bradley, in possession of the mortgaged property. The question arises, what are his rights and relations in regard to the property. The complainants caused the sale to be set aside; that left the mortgage debt standing in full force, as if no sale had occurred. Bradley, the mortgagor, was in default in the payment of the mortgage debt. By the terms and conditions of his contract, the whole debt was due. Ely, the owner of the

584 · HARPER *et al.* v. ELY *et al.* [Sept. T.

Opinion of the Court.

debt, was rightfully in possession as mortgagee for condition broken, and not as a trespasser.

The fact that a fraudulent sale was made, does not give the mortgagor any greater rights than he otherwise would have, had no sale been made. The sale having been fraudulent and set aside, leaves the mortgagor in the same position as he was before the sale. *Roberts et al.* v. *Fleming et al.* 53 Ill. 200.

In regard to the taxes and insurance, we understand that it is expressly provided in the deed of trust, that, if the mortgagee has to pay the taxes, they shall become a part of the mortgage debt. The mortgage required Bradley to keep the building on the property insured, and if he neglected to do this, there can be no doubt but the mortgagee would have the right to keep the property insured, and make the rent pay it. This brings us to the question of rent. In referring the cause to the master in chancery, the court directed him to report what rents had actually been received, and what could have been received by the exercise of reasonable care and diligence. This was the correct basis upon which to determine the amount of rents with which the defendants should be charged, as has been repeatedly held by this court in this class of cases. *McConnel* v. *Holobush et al.* 11 Ill. 69 ; *Roberts et al.* v. *Fleming et al.* 53 ib. 204.

It is claimed by appellants that the court erred in allowing the Thompson and McQuestion debt.

This debt was secured by a prior trust deed on the premises, and Ely, in order to protect his interest under the mortgage, under which he claimed, was compelled to discharge this lien.

We apprehend there can be no doubt but a mortgagee is entitled to be repaid all sums he may advance for the purpose of removing a prior incumbrance from the mortgaged property. The fact that Ely paid off or purchased this debt, which was a prior lien on the land, could work no hardship on the complainant. It was a subsisting debt, and a lien

upon the mortgaged premises, and had to be paid, and whether complainants are required to pay it to Ely, or the original holder, can not, in anywise, prejudice their rights. But this debt was also secured by the Haddock mortgage, as well as a prior deed of trust, and may be regarded as a part and parcel of the mortgage debt from which complainants are seeking to redeem. In either event, however, we regard the decision of the circuit court, on this point, correct, but it is said, ten per cent interest ought not to be allowed Ely on this claim, after it came into his hands. The claim drew ten per cent interest in the hands of the original holder, and when Ely bought or, paid it, in equity he was subrogated to the rights of the original holder of the claim; and when the original creditor, by the terms of the contract, was entitled to ten per cent interest, we fail to see upon what principle Ely would not be entitled to the same.

Appellants claim the court erred in refusing to render a decree giving complainants possession. The answer to this is obvious. Appellee was in possession as mortgagee; he had the right to hold the possession of the mortgaged property, until his debt was paid and discharged.

The next point made by appellants is, that the court erred in requiring them to pay costs. In this, the court was correct. We can only regard the bill of complainants as a bill to redeem; it was so treated when in this court before, and we see no reason for regarding it otherwise now.

It is a well settled rule that, on a bill to redeem, the costs are adjudged against the complainant.

This disposes of the questions necessary to be considered raised by appellants, except, it is urged, the evidence before the master in chancery did not justify the report by him made. We have examined the evidence with as much care as our time from other duties would permit, and we are not able to agree with the counsel for appellants.

We think the evidence not only justifies the report of the master, on the points raised by appellants, but fully sustains it.

Appellees have assigned three cross errors:

*First.* The master's report, which was approved by the court, does not allow appellees interest on the coupons attached to the bond given by Bradley to Haddock.

*Second.* Appellees were not allowed $300, as shown by the ledger to have been by them expended and not otherwise proved.

*Third.* Appellees were not allowed commissions for collecting the rents and taking care of the property.

In regard to the first cross error assigned, we are of opinion the point is well taken. The coupons provide for the payment of a definite sum of money at a specified time. They are in writing, and in effect are promissory notes, and we are aware of no reason why interest should not be computed upon them after they became due. *Gilpeck* v. *City of Dubuque,* 1 Wall. 206; *Hollingsworth* v. *City of Detroit,* 3 McLean, 472; *Dunlap* v. *Wiseman,* 2 Disney (Ohio), 398.

This being a bill to redeem, appellants are in no position to insist that a court of equity should grant the relief asked without a full payment of all that is due appellees according to the terms of the bond and attached coupons, even if they could not legally claim interest on the coupons.

In regard to the second point made, we think the court decided correctly. Appellees were notified by appellants to produce their books. They produced the ledger, but the books of original entry were not produced. Upon the production of the ledger, appellants contended that was not the book appellees were notified to produce. They, however, examined it, with a view to determine whether they would offer it in evidence, and appellees insist that the ledger became and was competent evidence, because it was examined by appellants. We are of opinion the ledger was not competent evidence, for the reason it was not the book appellees were notified to produce. Whether the book of original entry would have been evidence, if produced and inspected by appellants, we do not now decide, as that question is not before us.

As to the third cross error assigned, we can not agree with appellees. We do not think appellees are entitled to commissions for collecting rents and looking after the property. When they were compelled to pay fees for collecting rents, this was allowed them; further than this, justice does not require that they should be paid.

The decree will be so modified as to allow appellees interest on the coupons attached to the bond given by Bradley to Haddock. In all other respects it will be affirmed.

*Decree modified.*