ALICE ASBURY ABBOTT

*v.*

GEORGE W. STONE *et al.*

*Opinion filed April 21, 1898.*

1. USURY—*practice of evidencing interest on note by coupons drawing interest is not usury.* The practice of evidencing the interest on a note by coupons which draw interest after maturity does not constitute usury.

2. SAME—*fact that mortgage provides for certain per cent as solicitor's fee on foreclosure is not usury.* The fact that a mortgage or trust deed provides that a certain per cent upon the principal, interest and costs shall be allowed as a solicitor's fee in case of foreclosure does not make the transaction usurious.

3. SAME—*one alleging usury has the burden of proof.* One alleging that a transaction is usurious has the burden of establishing the fact by a preponderance of the evidence.

4. FORECLOSURE—*taxes paid by mortgagee should be allowed on foreclosure.* Where a mortgagor neglects to pay taxes as required by the mortgage, the mortgagee, upon paying the same, is entitled to have the amount allowed upon foreclosure.

5. SOLICITORS' FEES—*solicitor's fee provided for in mortgage is properly allowed on foreclosure.* Upon foreclosure the court may direct the payment of the mortgagee's solicitor's fee out of the proceeds of the sale of the mortgaged property, when so provided by the mortgage or deed of trust.

*Abbott* v. *Stone,* 70 Ill. App. 671, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a bill in equity brought to the November term, 1896, of the circuit court of Cook county, to foreclose a trust deed given July 14, 1892, by Alice Asbury Abbott to Francis B. Sherwood, as trustee, to secure a loan of $20,000. The complainants were George W. Stone, the payee and holder of the secured notes, and Francis B. Sherwood, the trustee. The principal note given by appellant was as follows:

"$20,000.                        CHICAGO, ILL., *July 14, 1892.*

"On August 15, 1897, after date, for value received, I, Alice Asbury Abbott, promise to pay to the order of George W. Stone, of Chicago, the principal sum of twenty thousand ($20,-000) dollars, with interest thereon at the rate of six (6) per cent per annum from August 15, 1892, payable half-yearly, to-wit, on the 15th day of February and of August in each year until said principal sum is fully paid. Both principal and interest are payable at Northern Trust Co.'s Bank, Chicago. The several installments of interest aforesaid for said period of five (5) years are further evidenced by ten (10) interest notes or coupons of even date herewith. The payment of this note is secured by trust deed of even date herewith on real estate in city of Chicago, Cook county, Illinois.

(No. 1.)                        ALICE ASBURY ABBOTT."

The interest notes or coupons were numbered from 1 to 10, respectively, and, except in their dates of maturity, were all alike. The first matured February 15, 1893, the second August 15, 1893, and so on at intervals of six months, No. 10 maturing August 15, 1897,—the date of maturity of the principal note. No. 10, cited as a sample, reads as follows:

"$600.                        CHICAGO, *July 14, 1892.*

"Due to the order of George W. Stone the sum of six hundred ($600) dollars on the 15th day of August, A. D. 1897, without grace, payable at the Northern Trust Co., Chicago, with interest at the rate of seven per cent per annum after maturity, this coupon note being for the interest due that day upon one note, No. 1, of this date, for the payment to the order of said George W. Stone, for the sum of $20,000, due August 15, 1897, after the date thereof.        ALICE ASBURY ABBOTT."
(No. 10.)

As the interest notes matured they were left with the Northern Trust Company by appellee Stone for collection. The first four and No. 6 were there paid by appellant and passed into her possession. Nos. 5 and 7 also were left there for collection by appellee Stone. On No. 5 appellant made three payments, aggregating $570. On No. 7 she paid $300. The balance due on each of said interest notes Nos. 5 and 7 has not been paid. Appel-

lant also neglected to pay the 1895 taxes levied on the
property conveyed, amounting to $239.57, and Stone paid
them to protect his interests. On account of this default
the suit to foreclose the trust deed was commenced. Ap-
pellant filed an answer to complainants' bill. The other
defendants made no appearance.

The case was referred to William Fenimore Cooper,
a master in chancery, to take proofs and report his find-
ings. The master's report, filed November 24, 1896, found
that on said date the appellant was indebted to the appel-
lee Stone in the sum of $22,074.50, comprising principal,
$20,000; interest, $1295.55; moneys paid out for taxes,
$239.57; solicitor's fees, $539.38. On December 14, 1896,
the master's report was confirmed by the court, and a
decree for the sale of the land conveyed by said trust
deed was entered. From that decree Mrs. Abbott, the de-
fendant, prayed an appeal to the Appellate Court for the
First District, which affirmed the decree of the circuit
court. From the judgment of the Appellate Court appel-
lant has appealed to this court.

EDWARD ROBY, for appellant.

RICHARD B. TWISS, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

*First*—Appellant insists that usury is established by
the notes alone. The argument of counsel for appellant
falsely assumes that the interest notes represent a sepa-
rate and distinct indebtedness from the six per cent in-
terest named in the principal note. The language in the
notes is not susceptible of such meaning. The practice
of giving mortgages and trust deeds, with coupon or
interest notes representing the interest provided for in
the principal note, is much in use. Jones on Mortgages,
(5th ed. sec. 653,) under the title of "Usury," says: "It is
the general practice for corporations, in making mort-

gages upon their property, to attach to the mortgage bonds coupons representing the interest, payable at the several times when the interest falls due; and this practice has been adopted in several States quite extensively by individuals in making ordinary mortgages or trust deeds upon their private property. Such coupons for the payment of definite sums at specified times are, in effect, promissory notes, and are held to draw interest after maturity. Such interest is computed at the legal rate, when the rate, as is usual, is not expressed in the coupon itself. The rate of interest provided in the bond does not control." The case of *Harper* v. *Ely*, 70 Ill. 581, involved the question as to interest evidenced by coupons secured by a trust deed. This court said (p. 586): "The coupons provide for the payment of a definite sum of money at a specified time. They are in writing, and in effect are promissory notes, and we are aware of no reason why interest should not be computed upon them after they became due." Again, in *Benneson* v. *Savage*, 130 Ill. 352, it was said (p. 364): "But the executing of a coupon is the executing of an instrument which, *ex vi termini*, bears interest after maturity, if no rate is expressed, six per cent; and at the date of executing these coupons, any rate, not exceeding ten per cent, might be fixed by agreement of parties,"—citing *Harper* v. *Ely*, *supra*, and *Humphreys* v. *Morton*, 100 id. 592. "And so, under a familiar rule applicable to such cases, authority to execute coupons necessarily implies authority to fix the rate of interest they shall bear after maturity, at any sum not prohibited by law; and it is held a coupon is a part of the debt covered by the mortgage which secures its bond.— Daniell on Neg. Inst. sec. 1491 *a; Gilbert* v. *W. C. V. M. R. R. Co.* 33 Gratt. 599."

Counsel for appellant, in his argument, attempts to eliminate from the principal note these two clauses, as follows: "The several installments of interest aforesaid for said period, five (5) years, are further evidenced by ten

(10) interest notes or coupons of even date herewith. The payment of this note is secured by trust deed of even date herewith on real estate in city of Chicago, Cook county, Illinois." He ignores the fact that the principal note for $20,000, and the ten interest notes or coupons for $600 each, belong to one and the same series; that the principal note, on its face, refers to each interest note and the interest notes to the principal note, and are thus connected together. The principal note is numbered "No. 1," and on the face of each of the interest notes is the following: "This coupon note being for the interest due that day upon one note, No. 1, of this date, for the payment to the order of said George W. Stone, for the sum of $20,000, due August 15, 1897, after the date thereof." This shows that the ten interest notes represent and evidence the same indebtedness contemplated by the clause "six per cent per annum," in the principal $20,000 note. When appellant paid the interest on the principal note, as she did on the first, fourth and sixth installments, she called for and received the $600 interest notes representing the interest then due on the principal.

Neither do we find, on examination, that the trust deed is capable of being construed as usurious, as contended by appellant. It provides, in case of default in the payment of the promissory note, or any part thereof, according to the tenor and effect thereof, or non-payment of taxes, that foreclosure proceedings may be brought and a decree obtained and the property sold, and out of the proceeds the costs of suit, and two and a half per cent on the amount of the principal, interest and costs, for attorneys and solicitors fees, etc., might be allowed. We are satisfied there is nothing to constitute usury in the form of the principal note and coupons, as contended by counsel for appellant.

*Second*—The appellant's contention that $400 was retained by appellee Stone is not tenable. The receipt of appellant showed that the $400 was paid William L.

Pierce & Co. as commissions for procuring the loan for appellant. Stone, the lender, cannot, for that reason, be charged with usury. Usury being alleged by appellant, the burden was on her to prove it, and it was her duty to establish it by a preponderance of the evidence. This she failed to do. *Telford* v. *Garrels*, 132 Ill. 550, and cases cited.

*Third*—Appellant objects to the payment by appellee Stone of $239.57 for taxes. Appellant neglected to pay the taxes, as provided in the trust deed, and the amount was properly allowed under the evidence.

*Fourth*—It is insisted that the solicitor's fee was improperly allowed. The trust deed, among other things, expressly provided for the payment of two and one-half per cent on the amount of principal, interest and costs, for attorneys' and solicitors' fees, in case of default in the payment of the promissory notes, or any part thereof, according to the tenor and effect thereof, and the obtaining of a decree of sale, to be paid out of the proceeds of any such sale. In *Heffron* v. *Gage*, 149 Ill. 182, the mortgage provided for the payment of $1000 for attorneys' and solicitors' fees in case of default and obtaining a decree of sale. This court said (p. 191): "Whatever may be the rule elsewhere, it is well settled in this State that when a mortgage provides for the allowance of a solicitor's fee in foreclosure of a mortgage, to be paid out of the proceeds arising from a sale of the mortgaged property, it is not error for the court to decree the payment of a solicitor's fee, as was done in this case." (*Telford* v. *Garrels, supra; Cheltenham Improvement Co.* v. *Whitehead*, 128 Ill. 279; *McIntire* v. *Yates*, 104 id. 491.) The amount allowed for solicitor's fee was the amount agreed upon in the trust deed, and it does not appear to be unreasonable.

*Fifth*—Objection is urged by counsel for appellant to the order referring the cause to the master in chancery, and the report of the master with his conclusions. A careful inspection of the same convinces us that the

objections urged are technical and without substantial merit. It shows the complainants and defendant, and their solicitors, were present before the master, and that the testimony of the parties and their witnesses was taken on the matters in issue, and the report of the master, with his conclusions and recommendations, was made to the court. Objections were filed by counsel for appellant, and, being overruled, were re-filed as exceptions, but we do not find that appellant asked for a further reference to the master.

Finding no substantial error in the record the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*