LOU C. LURTON

*v.*

THE JACKSONVILLE LOAN AND BUILDING ASSOCIATION.

*Opinion filed October 19, 1900.*

1. LOAN ASSOCIATIONS—*when borrower is estopped to deny validity of loan.* One who bids for a loan at a specified premium, which bid is accepted and the money loaned in good faith, is estopped, after reaping the benefits of the transaction, to deny the validity of the loan on the ground that there was no competitive bidding.

2. USURY—*effect where advances for taxes, etc., draw usurious interest.* Where, by oversight in not erasing the rate of interest printed in an old blank form of mortgage, advances for taxes, insurance and assessments are made to draw usurious interest but the principal sum loaned draws legal interest, it is proper for the court, on foreclosure, to confine the effect of the usurious agreement to advances for those purposes.

*Lurton* v. *Jacksonville L. & B. Ass.* 87 Ill. App. 395, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

GEORGE L. MERRILL, and J. J. REEVE, for appellant.

L. O. VAUGHT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Morgan county entered a decree for the foreclosure of a mortgage executed by Lou C. Lurton, appellant, and William S. Lurton, her husband, to secure the payment of a promissory note made by her to the Jacksonville Loan and Building Association, appellee, on June 5, 1893, for $5500, with interest at six per cent, payable weekly, upon $4510. The consideration of the note was fifty-five shares of stock of the association subscribed for by her at a premium of eighteen per cent,

on which she received an advance of said sum of $4510. The Appellate Court affirmed the decree.

A reversal is asked on three grounds: First, that the money was not put up to the highest bidder 'on the competitive plan and bid off by appellant, but that the directors arbitrarily fixed the premium which she was required to bid in order to secure the loan; second, that appellee has forfeited its rights as a building and loan association by issuing paid-up stock to obtain its loaning funds, and therefore the note and mortgage are usurious; third, that by reserving eight per cent interest on moneys advanced for taxes, assessments and insurance by appellee, the whole contract was tainted with usury.

As to the first proposition, the records of the association show that on January 9, 1893, six sales of money were made, one at a premium of nineteen per cent and the others at eighteen. On February 20, 1893, the defendant, Lou C. Lurton, applied for a loan and a committee was appointed to investigate the application and examine the security. A week later there was a meeting, at which there was an informal discussion of the application, but nothing was decided. On March 6, 1893, the following written application was made:

"$4510.00.            JACKSONVILLE, ILL., *March 6, 1893.*

"I hereby apply for a loan of forty-five hundred and ten dollars net, on fifty-five shares of stock of the Jacksonville Loan and Building Association, at eighteen per cent premium, on my property situated on the west side of Webster avenue, in Jacksonville, Ill., valued at......dollars, yearly rental......dollars.

LOU C. LURTON,
By W. S. LURTON."

At that meeting the minutes relating to said application are as follows: "Called meeting of the board to confer with the committee on the Lou C. Lurton application. Present: A. L. Hay, D. T. Heimlich, E. M. Kinman, W. D. Mathers, S. A. Fairbank, J. S. Magill and J. M. Mitchell. On motion of J. M. Mitchell, seconded by S. A. Fairbank, the board agreed that the association would loan Lou C.

Lurton $4500 on her property on Webster avenue, on the house now in course of erection on said premises, completed according to plans and specifications shown the board, and turned over without any encumbrance and all materials paid for and contract satisfied.   On motion of W. D. Mathers, seconded by J. M. Mitchell, the board agreed that the association should furnish Lou C. Lurton her loan, when the above conditions were complied with, at the last bid, at the last sale of money, which was eighteen per cent." The application for the money was at a premium of eighteen per cent, and the money was loaned at that premium, which was the highest bid at the last sale of money.

It is contended that because there was no competitive bidding the note and mortgage are void, but under the circumstances of this case it is immaterial whether the business was done in the manner prescribed by the statute or not.   The powers of a corporation are limited and delegated, and where a contract is *ultra vires* in the proper sense, as not being within the powers conferred upon the corporation by the legislature or within the object of its creation, the contract is void.   (*National Home Building Ass.* v. *Home Savings Bank,* 181 Ill. 35; *Rogers* v. *Jewell Belting Co.* 184 id. 574; *Best Brewing Co.* v. *Klassen,* 185 id. 37.)   But where the contract is one which the corporation has power to make and is within the scope of its franchise, neither party to the contract who has had the benefit of it can set up as a defense that legal formalities were not complied with or that the power was improperly exercised.   The complainant was created for the purpose of loaning money to its members, and the loan to Lou C. Lurton was in line with such powers and within the scope of the franchise.   She acted in good faith in bidding for the money and the board in good faith in accepting her bid.   Both understood that the bid, contract and loan were valid and binding.   The contract was performed in good faith by the complainant, and she had the

benefit of it, and up to the time of her default recognized the contract as valid. She is estopped to dispute the validity of the note and mortgage. *Kadish* v. *Garden City Equitable Loan and Building Ass.* 151 Ill. 531.

The evidence does not sustain the second charge, that the association has lost its character as a loan and building association. The certificates issued were in all cases alike and there was nothing in the nature of paid-up stock. All the members stood upon the same footing, although a very few made payments on dues in advance and not at the same periods fixed by the rules. There was nothing in the nature of an investment of capital for the purpose of loaning it under the guise of a building and loan association.

The mortgage provided that in case of default on the part of the mortgagor in the payment of taxes, assessments and insurance the mortgagee might pay the same, and the money so paid should become an additional indebtedness and draw interest at the rate of eight per cent from the date of payment. There were such payments made by the complainant as mortgagee, and it is argued that this agreement made the whole contract usurious. The court allowed only the principal of moneys advanced under that agreement and refused to allow any interest thereon. An old blank form of mortgage was used and by a mere oversight was not changed to correspond with the change in the statute. The rate of interest reserved on the principal indebtedness was lawful, and the agreement for eight per cent related only to any advances that might be made for taxes, assessments and insurance. There was no intention to make moneys so advanced draw interest at eight per cent, and we think the court was right in applying the agreement only to such advances.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*