### Daniel Wollschlager et al., Impleaded, etc., v. Charles McEldowney et al.

1. USURY—*When Contracts for, May be Explained—Mistakes in Fixing the Rate of Interest in Promissory Notes.*—It is competent for the holder of a promissory note, secured by a trust deed, to show, in a proceeding to foreclose such trust deed, that the agreement incorporated in the note to pay interest at a greater rate than that allowed by law, was the result of accident or mistake and not because of any corrupt and usurious agreement.

2. APPELLATE COURT PRACTICE—*Abusive Language in Briefs.*—Counsel may, by improper attempts in his brief to be sarcastic and abusive, so obscure the points made by him as to prejudice his right to consideration by the court.

3. PRESUMPTIONS—*In Favor of Judgments at Law Do Not Exist in Favor of Decrees in Chancery.*—The presumptions which exist in favor of a judgment at law being sustained by the evidence heard, but not preserved in the record, do not exist in favor of decrees upon bills in chancery.

4. DECREES—*Evidence Supporting, to be Preserved by Whom.*—The party in whose favor a decree granting relief is rendered, must, in order to maintain it, preserve the evidence, or the decree must find the specific facts which were proved on the hearing.

**Foreclosure of a Trust Deed.**—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the

Wollschlager v. McEldowney.

Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed June 28, 1901.

R. HEBER BEATTIE, attorney for plaintiffs in error.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for defendants in error.

OPINION PER CURIAM.

This suit in error brings before us for review a decree entered in a suit to foreclose a trust deed to secure a note for $3,000, given for a loan of money. A preliminary motion by defendants in error to strike out the amended transcript, filed October 1, 1900, because not filed by leave of court, will be denied. The *scire facias* not having been served in time for the March term, 1900, the amended record was of right filed when it was, before the second day of the next term.

The improper attempts of counsel for plaintiffs in error in his brief to be sarcastic and abusive, have so obscured most of the points made by him that we will pay attention to but the one concerning usury.

The trust deed, principal note, and interest notes, respectively, provide that interest after maturity shall be paid at the rate of eight per cent per annum. Until maturity, the rate of interest is provided to be six per cent per annum. The statute of Illinois in force at the time the indebtedness accrued, provides:

" If any person or corporation in this State shall contract to receive a greater rate of interest or discount than seven (7) per cent per annum, upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation. And all contracts executed after this act shall take effect, which shall provide for interest or compensation at a greater rate than herein specified, on account of non-payment at maturity, shall be deemed usurious, and only the principal sum due thereon shall be recoverable." (Rev. Stat., Chap. 74, Sec. 6.)

All interest to the date of maturity of the principal sum

was fully paid, at the rate of six per cent per annum, as provided; and in the foreclosure suit that followed for non-payment of the principal sum, no greater rate than lawful interest has been claimed, or was allowed.

The question of usury was raised by the answer of the plaintiffs in error. The decree finds there is due to defendants in error the full principal sum with legal interest from the date of its maturity. In view of the statute this was clearly wrong. We have no doubt from the authorities, that it would have been competent for defendants in error to have shown that the agreement incorporated in the papers to pay eight per cent interest after maturity was the result of accident or mistake, and not because of any corrupt and usurious agreement. Lurton v. Jacksonville Loan Association, 187 Ill. 141. Indeed, the master in his report says:

"I find allegations of usury in the answer not sustained by the evidence.

The original transaction was made after the passage of the law reducing the legal rate of interest from what it formerly was, and the papers in this case are like many others made at that time by persons who had no intention, no purpose of charging usurious interest; and the conduct of the holder of the legal paper and makers of said paper since then has been upon the basis of the legal rate of interest, and such as to disavow any intention to either charge or pay usurious interest, and in the making of this report the defendants have only been charged legal rate of interest."

And counsel for defendants in error assume in their argument that the facts stated by the master exist. It was not necessary for the plaintiffs in error to introduce any evidence on the subject until, at least, the complainants had overcome by competent evidence the effect of the agreements to pay the illegal rate of interest shown on the face of the trust deed and notes they had themselves introduced in evidence.

The usurious agreement was there shown by written words as plainly as it could be. And the objection of usury seems to have been at all times aptly insisted upon by the

plaintiffs in error. We have vainly searched both abstract and transcript to find a particle of evidence, or a finding in the decree itself, that there was any mistake or accident in the use of blanks or otherwise, whereby the agreement to pay eight per cent interest was made contrary to the intention of the parties. So far as we have been able to find, the agreement in that respect was just as deliberately and intentionally entered into as any other agreement contained in the papers.

It is unnecessary to cite authorities to the effect that a finding of fact made by a master that has no evidence to support it, is utterly valueless. But it is urged that the record is incomplete and that on that account the finding of the master must be accepted as final. · The master's report with the evidence in its entirety is here, and so is everything else that can have any bearing on the question, so far as we can judge. But if the record is incomplete it was the duty of the defendants in error to supply the deficiencies, if any. The presumptions that exist in favor of a judgment at law being sustained by evidence heard but not preserved in the record, do not exist in favor of decrees upon bills in chancery. The party in whose favor a decree granting relief is rendered, must, in order to maintain it, preserve the evidence, or the decree must find specific facts that were proved on the hearing. Farwell v. Patterson, 76 Ill. App. 601, and a large number of cases there cited, to which may be added, Baird v. Powers, 131 Ill. 66; Ryan v. Sanford, 133 Ill. 291.

As already said, neither the decree itself, nor the evidence reported by the master, affords any support to the contention that there was a mistake made by the parties in entering into the usurious agreement shown on the face of the papers. There is absolutely nothing in the record upon which to predicate the theory that the agreement was anything different from that which the papers expressed.

It does not, however, follow that the defendants in error shall lose the interest that has been paid on the loan: All

interest until maturity of the principal sum was evidenced by coupons constituting in effect promissory notes (Abbott v. Stone, 172 Ill. 634), and they were all paid. It was only for interest after maturity of the principal note that any usurious agreement was made, and the most that the statute affected was the unpaid interest and such as might accrue after maturity.

Under the existing facts, the decree was wrong in allowing any interest on the principal sum after maturity, and for such error the decree must be reversed and the cause remanded.