## Ira M. Cobe, Appellee, v. Edward H. Guyer et al., Appellants.

### Gen. No. 4,906.

This case is controlled by the decision in Cobe v. Guyer, *ante*, p. 580.

Bill in equity. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

Statement by the Court. This is a bill in equity filed by Ira M. Cobe in the Circuit Court of Rock Island county to foreclose a mortgage dated September 1, 1899, given by

Cobe v. Guyer.

Edward H. Guyer and wife, Constance K. Guyer, to secure
a bond of the same date for $10,000 executed by E. H.
Guyer, C. H. Pope and C. E. White to the Masonic Mutual
Savings and Loan Association.   The bill alleges that said as-
sociation was duly incorporated as a building, loan and
homestead association under the laws of Illinois, with its
principal office in Chicago, Cook county, Illinois, and that
it continued to do business until January 29, 1901; that
it had a charter and by-laws, a copy of which is attached
and made a part of the bill; that on September 1, 1899,
Guyer, Pope and White, being the owners of 100 shares
of stock of said association, and being indebted to it for
$10,000 for money at that time loaned to them by the as-
sociation under its by-laws, executed and delivered to the
association a bond in which they promised to pay said
association $50 as monthly installments upon its shares of
stock, and $58.34 monthly interest at 7 per cent upon said
sum, until the principal loan with interest be paid in ac-
cordance with the charter and by-laws of said stock having
reached par value.   A copy of the bond is attached and is
as follows:

"Know all men by these presents, That Edward H.
Guyer, Charles H. Pope and Charles E. White, members
of the obligee herein, all in the County of Rock Island and
State of Illinois, do hereby acknowledge ourselves to be in-
debted to the Masonic Mutual Savings and Loan Associa-
tion, a corporation duly organized and existing under and
by virtue of the laws of the State of Illinois, in the prin-
cipal sum of Ten Thousand Dollars ($10,000.00) for money
borrowed under the charter and by-laws of said association
on one hundred shares of the capital stock of said associa-
tion issued to said Edward H. Guyer, Charles H. Pope and
Charles E. White, in consideration whereof we do hereby
bind ourselves   *   *   *   jointly and severally to pay to·
said association, its successors or assigns, the sum of fifty
dollars each month as monthly dues upon said shares of
stock, and also the sum of fifty-eight and 34/100 dollars as
interest upon said sum of ten thousand dollars, all and each
on or before the first day of each and every month from and
38

after the date hereof in advance until the said principal sum shall have been paid in full in accordance with the charter and by-laws of said association by said shares of stock before mentioned having reached their par value," etc.

The bill also alleges that the 100 shares of stock were transferred to the association as collateral security, and that Edward H. Guyer and Constance K. Guyer, his wife, on September 1, 1899, made a mortgage to secure said bond, and contains the usual allegations of a bill of foreclosure. It is further alleged that on January 29, 1901, Joseph C. Carry and eight other shareholders of the association, filed a bill of complaint in the Superior Court of Cook county on behalf of themselves and others against the association, alleging its insolvency, praying for a receiver, etc.; that the Equitable Trust Company was appointed receiver; that the receiver qualified; that the association was decreed to be insolvent and its assets placed in the hands of the receiver; that the court decreed that said association be wound up; that the receiver was directed to sell the assets of said association, and that the bond and mortgage were sold to complainant and that there now remains due $5,708.39 with interest thereon at 5 per cent since date of insolvency.

The defendants in their answer deny that the association was duly incorporated under the laws of Illinois as a homestead and loan association, and charge that the organization was a fraud and an unlawful attempt to collect usurious interest, and assert that the defendants did not make the loan alleged in the bill for building and improving homesteads, "but it was in truth and in fact a loan solely for the purpose of speculating" in real estate; they admit they applied for a loan of $10,000 and subscribed for 100 shares of stock, and that they agreed to pay $50 each month as dues and $58.34 as interest each month, and made the bond and mortgage, but say they only received $9,556 on the loan; they say that the money was not offered in open meeting to stockholders who should bid the highest premium for priority of a loan, and that there was no by-law to dispense with the bids in open meeting, the preference to be decided by priority

of application, and assert the difference between the bond of $10,000 and the $9,556 received was a bonus for the loan, and that the said difference, $443.89, and $58.34 agreed interest and $50 per month dues on said $10,000 exceed the rate of 7 per cent per year for the forbearance of $100 and is usury, and that the agreement for interest is void; they also assert that they have repaid $7,000 of the sum borrowed. The answer sets up a provision in the bond, that when twelve or more stock payments should be made they should be deducted from the loan, and allege that it makes the transaction usurious *per se,* and that this provision is a device to collect usurious interest. The answer denies that there was default for six months in the payment of interest, and denies any knowledge of the suit begun by Carry and others against the association and denies that the Superior Court of Cook county had any jurisdiction in the matter, and asserts that such proceedings are void and denies that complainant has any right in said bond and mortgage. A replication was filed to the answer and the cause referred to the master to take the evidence and report the same with his conclusions. After a re-reference the master finally reported the evidence, with his conclusions that the defendants were on September 1, 1899, indebted to the Masonic Mutual Savings and Loan Association, a corporation duly organized under the laws of Illinois, in the sum of $10,000 for money borrowed under the charter and by-laws of the association on one hundred shares of the capital stock of said association, and that they had executed the bond and mortgage as alleged in the bill; that payments had been made amounting to $6,311.40; that by decree dated January 29, 1901, said association was directed to be liquidated and wound up; and that on January 10, 1903, the Equitable Trust Company, as receiver of said association, in pursuance of a decree of the Superior Court of Cook county made on November 21, 1902, in the case of Carry et al. against the Masonic Mutual Savings and Loan Association, by its deed of assignment, transferred the bond and mortgage sought to be foreclosed to Ira M. Cobe; that on ac-

count of the insolvency of said association and the various orders and decrees of said Superior Court the whole of the principal sum so advanced to defendants, after deducting the whole amount paid, had become due and that there is due to complainant from defendants as follows:

| | |
|---|---|
| On December 17, 1903 | $5071.12 |
| Interest from Dec. 17, 1903, to Nov., 1906 | 728.96 |
| Solicitor's fees | 300.00 |

| | |
|---|---|
| Total debt, interest and solicitor's fees | $6100.08 |

Exceptions to the master's report were overruled and a decree approving the report and of foreclosure made. From that decree the defendants appeal.

J. T. KENWORTHY and S. R. KENWORTHY, for appellants.

S. W. SWABEY, for appellee; W. R. MOORE, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellants by their answer insist that they only received $9,556 out of the $10,000 loan, and that the difference, $443.89, was retained by the association as a bonus for the loan and is usury, as the bond called for 7 per cent interest. The correspondence introduced in evidence shows that the appellants directed the money to be paid out as follows:

| | |
|---|---|
| Membership fee | $25.00 |
| Attorney's fee | 10.00 |
| Abstract continuation and recording fee | |
| Six months' stock dues | 300.00 |
| Interest, Sept | 38.89 |
| To E. L. Vielie | 1022.00 |
| Annette G. Kimball | 2991.33 |
| Rudolph Weyerhauser | 882.50 |
| C. H. Deere | 769.86 |
| Connolly | 1895.57 |
| C. H. Pope | 2064.85 |

| | |
|---|---|
| | $10,000.00 |

Cobe v. Guyer.

The evidence does not show but what it was so paid out by the association, although there was some delay in getting the loan closed because of delay of appellants in securing some releases. The deduction of the attorney's fee for examination of the record does not constitute usury (Ammondson v. Ryan, 111 Ill., 506), neither is the payment of dues on stock in advance illegal. Lurton v. Jacksonville Assn., 187 Ill., 141. The burden of proving usury is on the party alleging it, and unless the proof shows that money was retained for the purpose of exacting a greater compensation than the law allows for the purpose of collecting illegal interest it is not usury. The proof concerning the payment of the money by the association does not justify the charge of usury.

There are two other questions raised by appellees in this suit, first, the right of appellee Cobe to maintain the action is questioned, and second it is claimed that the bond secured by the mortgage sought to be foreclosed is usurious because of the nature of the by-laws of the association when the loan was made. The record shows the same state of facts in this case regarding the ownership of the claim by appellee as in the case of Guyer et al. v. Cobe, *ante,* p. 580, and what is there said is conclusive in this case as to Cobe's right to maintain this action. Upon the second question, the only difference between this case and the preceding case is, that since the making of the loan in the former suit and before the making of this loan the by-laws of the association were again amended by abolishing all premiums and making the rate of interest 7 per cent. What was said by this court in case number 4905 (*ante,* p. 580), upon the question of the by-laws is applicable to this case. The decision of this court in the former case being decisive of the questions raised in this case, the decree is affirmed.

*Affirmed.*