DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1920.

Samuel Marks et al., Appellees, v. The Chicago Mortgage Corporation, Appellant.

Gen. No. 25,599.

1. CORPORATIONS, § 687*—*what is extent of power of foreign corporation to loan money*. There is nothing in the Illinois statutes which inhibits a foreign corporation having power under its charter to loan money from the business of loaning money in Illinois, where it exercises no greater or different powers with Illinois corporations of like character and subject to the same liabilities, restrictions and duties as such corporations.

2. CORPORATIONS, § 344*—*when parties to contract cannot assert that it is ultra vires*. A contract which is ultra vires a corporation as not being within the powers conferred·upon the corporation by the legislature, or within the object of its creation, is void, but where a contract is within its powers to make and within the scope of its franchise, neither party who has had the benefit of the contract can set up as a defense thereto that legal formalities were not complied with or that the power was improperly exercised.

3. CORPORATIONS, § 689*—*when loan cannot be objected to as ultra vires*. A loan lawfully made on real estate by foreign corporation with charter authority to make loans and doing business in Illinois

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

under a certificate from the Secretary of State is not void as being ultra vires and the corporation is entitled to the lien created by its trust deed upon the debtor's realty.

4. APPEAL AND ERROR, § 488*—*when objections to findings are not available on appeal.* Where no objections were filed to the master's finding as to the interest in the premises of one of the parties to a proceeding to establish a lien upon property by virtue of a trust deed, such interest cannot be questioned on appeal.

Appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed April 12, 1920.

M. W. BORDERS and NORMAN G. COLLINS, for appellant.

BLUM, WOLFSOHN & BLUM, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal the Chicago Mortgage Corporation, hereinafter called appellant, seeks the reversal of a decree finding that a trust deed and notes held by it are void and denying its prayer for a lien upon the real estate conveyed as security.

The original bill of complaint was filed by Samuel Marks, alleging that he was the holder of notes in the sum of $13,000, executed by Ida Rosenthal and secured by her deed of trust dated November 24, 1913, conveying certain premises in Chicago, Cook county, Illinois. Complainant sought foreclosure, asserting the priority of the lien of his trust deed. Appellant answering, averred that on June 6, 1916, Ida Rosenthal, being indebted to appellant in the sum of $3,000, executed twenty principal promissory notes to the order of herself and by her indorsed, for $150 each, due one every month with interest at 6 per cent, se-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cured by her trust deed of even date conveying the same premises described in complainant's trust deed; that appellant was the owner and holder of these notes and the trust deed and it sought a lien upon said premises for the amount due, conceding the priority of the Samuel Marks trust deed.

Reference was had to a master who found complainant entitled to his lien and also that there was due upon the notes held by appellant $1,604.14, and by virtue of its trust deed appellant was entitled to a lien for this amount upon the premises in question second to that of the complainant, Marks, and superior to the rights and claims of all other parties.

The master also found that subsequently Ida Rosenthal married and became Mrs. Waldman and on June 12, 1917, was adjudged a bankrupt in the District Court of the United States, and on July 26, 1917, the trustee in bankruptcy under order of court sold all of his interest in the real estate as trustee of the estate of Ida Rosenthal Waldman, bankrupt, to Frank G. Heilman, one of the defendants, and delivered a deed to said premises to Heilman, who now claims the equity of redemption in and to the real estate being foreclosed; this sale was made "subject to the mortgages thereon."

Exceptions to the master's report were filed by Frank G. Heilman and his wife, Celia M. Heilman, appellees, attacking appellant's lien, and upon hearing the chancellor sustained such exceptions upon the ground that appellant had no power to make the loan secured by the notes and trust deed in question and therefore they were void, and entered a decree denying the relief sought by appellant. It is contended this was error, and we are of the opinion this contention must be sustained and the decree in this respect should be reversed.

Appellees say that the appellant had no authority to transact within the State of Illinois the business

of loaning money and that it had no authority in law to make the loan to Ida Rosenthal, and therefore the trust deed and notes executed by her to evidence said loan are unenforceable and void. Appellant is a corporation organized under the laws of the State of Virginia on December 22, 1915, and under its charter has the power "to loan and advance money or to give credit to persons, firms, corporations and associations." On March 25, 1916, it was duly licensed by the Secretary of the State of Illinois, to transact its business in Illinois. Section 67a of the Statute on Corporations, chapter 32, Hurd's Rev. St. (J. & A. ¶ 2525), provides: "That any corporation formed under the laws of any other state or country and authorized by its charter to invest or loan money, may invest or loan money in this State." Section 1 (J. & A. ¶ 2418) of the "Act concerning corporations" reads in part: "That corporations may be formed in the manner provided by this act for any lawful purpose except banking, insurance, real estate brokerage, the operation of railroads, and the business of loaning money," and the latter part of the second section of the act regulating the admission of foreign corporations to do business in Illinois, 67c, ch. 32 (J. & A. ¶ 2527), is as follows in part: "No corporation shall, by the certificate of the Secretary of State, be authorized to transact any business in the State for the transaction of which a corporation cannot be organized under the laws of this state, and no foreign corporation shall exercise any powers in this state not authorized by the provisions of its charter." This latter provision is not limited to corporations formed under the general act concerning corporations which excepts the forming of corporations for the business of loaning money. The language has a broader scope. It excludes only those foreign corporations which undertake to transact a business in this State which cannot be incorporated under any

of the laws of this State. Corporations formed for the business of loaning money are not unlawful, but are provided for under a number of statutes, such as the statutes relating to Banks, Building Loan and Homestead Associations, Pawners' Societies and Wage Loan Corporations. In *Calumet and C. Canal & Dock Co. v. Conkling,* 273 Ill. 318, and *Mercantile Trust Co. v. Kastor,* 273 Ill. 339, the question was whether a corporation organized under the general incorporation laws could loan money. That is not the question here. We find nothing in the statutes which inhibits a foreign corporation from the business of loaning money in the State of Illinois.

In *Stevens v. Pratt,* 101 Ill., page 206, in an exhaustive opinion by Mr. Justice Scholfield, the subject of the rights of a foreign corporation to loan money in Illinois was considered at length. It was there held that no foreign corporation was excluded from doing this in this State, but that such corporation should be placed upon an equality with domestic corporations to the extent that it should exercise no greater or different powers but be subject to the same regulations, restrictions and rules of law with corporations of like character organized under the laws of this State. The opinion says that in the General Incorporation Act the legislature was "providing for certain corporations, leaving others unprovided for, and so what they did not provide for is not affected by the legislation they enacted, whether we regard domestic or foreign corporations. The excepted corporations and foreign corporations of like character are simply unaffected by this law." At the time of this opinion there seem to have been no statutes permitting a corporation not private to engage in the business of loaning money, but the opinion holds that such business was not contrary to public policy and might be permitted thereafter by the legislature.

Since then such statutes, as above stated, have been passed.

We find nothing in our statutes which prohibits a foreign corporation having authority under its charter to engage in the business of lending money to engage in like business in this State exercising no greater or different powers with corporations of like character in this State and subject to the same liabilities, restrictions and duties.

A further consideration supporting appellant is this: Counsel for appellees say that the statute relating to foreign corporations above quoted, 67a, does not purport to authorize a foreign corporation to engage in the business of lending money in this State but only to lend money in Illinois and to enforce its securities, and appellees concede that if appellant did not transact within this State the business of loaning money "but merely made a loan to Ida Rosenthal Waldman, such a loan would be clearly enforceable." As we have said, appellant had power under its charter to loan money. In *Calumet and C. Canal & Dock Co. v. Conkling,* 273 Ill. 318, the distinction was stated "between cases where the corporation's act was beyond its powers and where the act was within its powers but was improperly exercised." In the first instance, the corporation, having no power, cannot make such a loan; in the second instance it has the power but exercises it improperly. As was said in *Lurton v. Jacksonville Loan & Building Ass'n,* 187 Ill. 141:

"The powers of a corporation are limited and delegated, and where a contract is ultra vires in the proper sense, as not being within the powers conferred upon the corporation by the legislature or within the object of its creation, the contract is void (citing authorities). But where the contract is one which the corporation has power to make and is within the scope of its franchise, neither party to the contract who has had the benefit of it can set up as a

defense that legal formalities were not complied with or that the power was improperly exercised.''

With this distinction in mind, even conceding appellees' construction of the foregoing statutes, it would not follow that they can question the right of appellant to recover upon its security; we would then have a foreign corporation with charter authority to make loans lawfully loaning money upon real estate security in Illinois, and the certificate from the Secretary of State authorizing it to do business here could be considered as merely an improper formality. This would leave the security subject to the lien of appellant's trust deed.

It is suggested that the appellees have no standing here as their interest in the premises is not made to appear by sufficient proof. However this may be, the master found their interest to be as above stated and no objections were filed to this finding.

Other points are suggested against the decree, but we prefer to rest our conclusion upon the reasons above indicated. The decree is therefore reversed and the cause is remanded with instructions to enter a decree in accordance with the recommendation of the report of the master in chancery.

*Reversed and remanded with directions.*

MR. JUSTICES HOLDOM and DEVER, concur.