THE FREE HOME BUILDING, LOAN AND HOMESTEAD ASS'N

*v.*

MARY L. EDWARDS *et al.*

*Opinion filed October 23, 1906.*

1. LOAN ASSOCIATIONS—*to avoid penalties of usury, loans must be made in manner provided by statute.* To avoid the penalties of usury, a loan association must conduct its business and make its loans in accordance with the provisions of the statute, otherwise it is just as illegal for a loan association to charge more for a loan than is allowed by the interest laws as it would be for a private person to do so.

2. SAME—*power to make by-laws is in shareholders, and not in board of directors.* Under the Homestead and Loan Associations act of 1879 the power to make by-laws rests in the shareholders of the association and not in the board of directors, nor is the law-making power vested elsewhere by the amendments of 1891 and 1893.

3. SAME—*loan made in pursuance of directors' resolution is not made in pursuance of by-law.* Loans made in pursuance of a resolution of the board of directors of a homestead and loan association organized under the act of 1879 are not made in pursuance of a by-law, and the fact that the directors acted in good faith and that all loans were thereafter made in the same manner does not make the

resolution a valid by-law nor estop a borrower from raising the defense of usury.

4. SAME—*when shareholder is not estopped to raise defense of usury.* By accepting a loan and paying the premium and usurious charges thereon a shareholder is not estopped to raise the defense of usury, upon the ground that the loan was not made in pursuance of any by-law of the association but in pursuance of a resolution of the board of directors, where it does not appear the shareholder had any knowledge of the resolution or that it was published or brought to the attention of its existing or subsequent shareholders. (*Collins* v. *Cobe,* 202 Ill. 469, distinguished.)

5. SAME—*party procuring loan is not obliged to inform himself whether loan association is obeying the law.* One procuring a loan from a homestead and loan association is not obliged to inform himself as to whether the association is loaning money in accordance with the law or what efforts have been made by it to comply with the law, and in the absence of knowledge of a by-law and acquiescence therein for a considerable time there can be no estoppel to question its validity.

6. ULTRA VIRES—*when performance does not validate contract.* Where a corporation has no power to make a particular contract, performance on either side does not give such contract validity.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming the decree of the circuit court dismissing complainant's bill for want of equity.

The following statement of the case made by the Appellate Court is adopted:

"April 9, 1894, Mary L. Edwards subscribed for twenty-five shares of the stock of said association and was granted a loan of $2500, with interest at the rate of six per cent per annum, such interest to be paid monthly, in installments of $12.50 each. She also agreed to pay $12.50 per month on said twenty-five shares of stock and a premium of $1200 in monthly installments of $12.50 each, and all fines lawfully assessed against her. These terms and conditions were evidenced by her promissory note of that date. In this note it

was further provided that in case said installments of interest or premium should remain unpaid six months after the same became due, then the whole of said principal and interest, without deducting the premiums paid or interest thereon, should become due and payable, and that in case said interest, installments and premiums should be paid as provided until said twenty-five shares of stock have reached the matured value of $100 each, then said principal indebtedness should be paid by the cancellation of said stock. To secure said note Mary L. Edwards and her husband on the same date executed and delivered to the association their mortgage deed conveying certain premises therein described. Appellees made payments in accordance with the terms of said note until they had paid the following sums: On stock $987.50, on premium $986.25, and on interest $1036.24, a total of $3010. The terms and conditions of the note and mortgage were agreed upon by private contract between appellees and the secretary of the association. April 16, 1903, appellant filed a bill to foreclose the mortgage. Appellees answered, alleging, among other things, that appellant was guilty of usury, in that the money borrowed was not offered for loan in open meeting to the highest bidder, nor was the loan made in compliance with any by-law fixing the rate of interest, either with or without premium, and providing that loans shall be made in the order of priority of application, but that the board of directors of appellant from time to time arbitrarily fixed the rate of premium and interest; that the amounts exacted by way of fines, premiums and interest are usurious; denies that appellee Mary L. Edwards is in default in any payment of dues, interest or premiums, and also denies that she was indebted to appellant in any sum whatever at the time of the filing of said bill. By an amendment to the answer these matters of defense were more fully set up. Appellant filed a general replication to the original answer and a special replication to the amended answer. The cause was referred to a master, who took the

testimony and reported to the court that there was due to appellant the sum of $2026.86 and costs and expenses of the proceeding, which was a lien on said premises, and that appellant was entitled to a foreclosure of the mortgage and a sale of the premises for the purpose of satisfying its said lien. Upon the hearing before the chancellor the objections to the master's report were ordered to stand as exceptions to such report. The decree of the circuit court is that the terms and provisions of appellant's loan are usurious, and that prior to exhibiting its bill of complaint the indebtedness in question had been fully paid and satisfied. Accordingly the exceptions to the master's report were sustained and the bill was dismissed for want of equity. Thereafter appellant perfected this appeal."

PATTISON & SHAW, for appellant:

A by-law is a rule or law adopted by a corporation or association for the regulation of its own actions and concerns and the rights and duties of the members among themselves. 5 Am. & Eng. Ency. of Law, (2d ed.) 87; Boisot on By-Laws, par. 1; *Flint* v. *Pierce,* 99 Mass. 68.

A by-law may be enacted in the form of a resolution. 5 Am. & Eng. Ency of Law, (2d ed.) 88; 1 Thompson on Corporations, par. 936; *Drake* v. *Railroad Co.* 7 Barb. 508; 1 Thompson on Building Associations, sec. 42; Thornton & Blackledge on Building and Loan Associations, sec. 116.

A by-law informally adopted may be subsequently ratified, and without record of adoption may be proved by usage and acts of the corporation and people dealing with it. *Lockwood* v. *Bank,* 9 R. I. 308.

Appellees are estopped to deny the validity of the by-law providing for a fixed rate of premium and interest. *Morrison* v. *Dorsey,* 48 Md. 461; *Collins* v. *Cobe,* 202 Ill. 469; Endlich on Building Associations, sec. 456; 4 Am. & Eng. Ency. of Law, (2d ed.) 1020; *Insurance Co.* v. *Sortwell,* 8 Allen, 217; *Broch* v. *French,* 116 Ill. App. 15.

223—9

A by-law may be adopted as well by the company's conduct and the acts and conduct of its officers as by an express vote or an adoption at a meeting. *Bank* v. *Pinson,* 58 Miss. 421; *Morrison* v. *Dorsey,* 48 Md. 461; *Hageman* v. *Savings Ass.* 25 Ohio St. 186.

FREDERICK MAINS, for appellees:

The loan was not made according to the provisions of the act under which the association was incorporated, in that it did not at open meetings of its board of directors, at stated intervals, offer for loan the funds of the association, as required by statute and by section 1 of article *6d* of its by-laws. *Building Ass.* v. *Eklund,* 190 Ill. 257; *Jamieson* v. *Jurgens,* 195 id. 86; *Wightman* v. *Suddard,* 93 Ill. App. 142; *Assets Realization Co.* v. *Wightman,* 105 id. 618; *Sargent* v. *Building Ass.* 114 id. 393.

The amendment of 1891 provided that "any such association may, by its by-laws, dispense with the offering of its money for bids in open meeting, and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws;" and this is exclusive of any other method of dispensing with the original plan of offering the preference· or priority of loan in open meeting to the highest bidder, as provided by the statute and its by-laws. *Garlick* v. *Building Ass.* 116 Ill. App. 311; *Sargent* v. *Building Ass.* 114 id. 393; *Building Ass.* v. *Eklund,* 190 Ill. 257.

The resolution adopted by the board of directors cannot have the force and effect of a by-law, as the power to adopt by-laws was by express provisions of the statute reserved to the stockholders, and the board of directors had no power to adopt by-laws. Homestead Loan Association act of 1879, secs. 2, 3; *Garlick* v. *Building Ass.* 116 Ill. App. 311; *Fritze* v. *Building Ass.* 186 Ill. 194; *Building Co.* v. *Landay,* 219 id. 168.

The exclusive power to adopt by-laws being reposed in the stockholders in the first instance, it follows that such

power in them vested is exclusive, and it cannot be taken away by implication. Hence the stockholders only might exercise the power to amend the by-laws, if legally conferred, under the amendment of 1891. *Building Co.* v. *Landay,* 219 Ill. 168; *Fritze* v. *Building Ass.* 186 id. 194; 5 Am. & Eng. Ency. of Law, (2d ed.) 89; *McArthur* v. *G. B. Co.* 34 Wis. 139; *Grand Lodge* v. *Cohn,* 20 Ill. App. 344.

Mr. JUSTICE FARMER delivered the opinion of the court:

Whether the decree of the circuit court and judgment of the Appellate Court were correct or not depends upon the construction and effect to be given to a motion or resolution adopted by the board of directors of appellant May 23, 1892. Prior to that date there appears to have been no effort made by appellant to comply with the provisions of the act of 1891, authorizing it to dispense with offering its money for bids in open meeting and loan it at a rate of interest and premium fixed by its by-laws, deciding the preference according to the priority of applications for loans. At a meeting of the board of directors held May 23, 1892, it was "moved and seconded the interest be reduced to six per cent and the premium increased to forty-eight per cent; carried." Thereafter the association ceased loaning its money by offering it for bids in open meeting and pursued the method provided in the act of 1891. Appellant contends, first, that this motion or resolution should be treated and held as a valid by-law, in pursuance of the act of 1891; and second, that if the board of directors had not the power to adopt by-laws but that that power rested in the stockholders, Mary L. Edwards, being a stockholder, has acquiesced in the action of the board of directors so long that she should be held to have ratified and confirmed such action of the board, and is now estopped from questioning it. The circuit and Appellate Courts held against appellant on these contentions, and these are the material questions presented for our consideration.

The original act required the shareholders to adopt a charter and by-laws and file the same in the office of the Secretary of State. It was then made the duty of the Secretary of State to submit the by-laws to the Attorney General for his approval, and if he approved them, a certificate of the complete organization of the association would issue, "making a part thereof a copy of all papers" filed in the office of the Secretary of State; and these papers were required to be recorded in the office of the recorder of deeds in the county in which the principal office was located. This court held in *Fritze* v. *Equitable Building and Loan Society,* 186 Ill. 183, that under the act of 1879 the power to make by-laws was conferred upon the shareholders of the association, and that this was equivalent to the exclusion of such power from the board of directors. It was also held in that case that after the by-laws were adopted by the stockholders, approved by the Attorney General and recorded as required by statute, no power existed in the association to amend them. The amendments of 1891 and 1893 do not purport to change the by-law-making power of the association but leave it where it was vested by the original act. *Garlick* v. *Mutual Loan and Building Ass.* 116 Ill. App. 311.

There is a distinction between this case and *Collins* v. *Cobe,* 202 Ill. 469. In that case the stockholders adopted a by-law prior to the amendment of 1891, authorizing it to loan its money at a fixed rate of interest and premium. After the passage of that amendment this by-law was not re-enacted but was acted upon by the association and shareholders in making loans. Collins applied for a loan in September, 1892, at a premium of five per cent per annum, and the note and mortgage recited that the premium was bid to secure the loan under the by-laws of the association. The by-law was adopted by the proper authority to adopt by-laws and appears to have been in proper form. The only question raised as to its validity was, that it was adopted before the passage of the amendment to the statute author-

izing loans to be made in the manner provided by the by-law and was not re-adopted by the stockholders after the amendment of 1891 became a law. It was there held that the borrowers were estopped from disputing the existence of the by-law by their recognition of it in procuring the loan in pursuance of its provision. In the case at bar there was no by-law, but simply a motion made and carried by the board of directors, and there is nothing in this record to indicate appellees' knowledge of or acquiescence in it, unless it be from the mere procuring of the loan and paying the premium thereon. There is not the slightest evidence that appellees had any knowledge on the subject of whether the loan was made by authority of the resolution adopted by the board of directors or of a by-law adopted by the stockholders. All appellees did was to make application for and secure the loan and then pay the charges thereon up to eleven months before the foreclosure proceedings were begun. There is no evidence that the resolution of the board of directors was ever published for distribution among its stockholders, or that those who became stockholders after its adoption were informed of its existence when they subscribed for stock. We do not think appellees were obliged to inform themselves of whether the association was loaning its money in accordance with law or just what efforts it had made to comply with the law. It is well known that persons borrowing from homestead and loan associations usually accept the terms made by the association without any knowledge or investigation of the regularity of its method of doing business. Where the by-law under which the loan is made is known to and recognized by the borrower at the time of procuring the loan, and is acquiesced in for a considerable time thereafter, there is reason for holding that he is estopped from questioning its validity. Such, however, is not the case here.

Section 11 of the Homestead and Loan Association act provides that "no interest, premiums, fines nor interest on

such premiums that may accrue to said corporation, according to the provisions of this act, shall be deemed usurious," etc. It will be seen that by the terms of the act itself, in order to avoid the penalties of usury the association must conduct its business and make its loans in accordance with the provisions of the statute. The board of directors having no power to enact a by-law authorizing loans to be made in accordance with the amendment of 1891, loans made in the manner provided by said amendment were not in accordance with the provisions of the statute, but were in violation thereof. The fact that the directors may have acted in good faith in adopting the resolution of May 23, 1892, and the further fact that thereafter all its loans were made in accordance with said resolution and that appellees secured a loan and paid the charges thereon for several years, does not make the resolution a valid by-law nor estop appellees from setting up the defense of usury. Here the corporation never attempted, by the only power having authority to adopt by-laws, to adopt a by-law authorizing the association to dispense with offering its money for bids in open meeting and in lieu thereof loan its money at a fixed rate of interest and premium. Clearly, therefore, the loan was not made in accordance with the provisions of the act under which appellant was incorporated, but was made in violation of it and was usurious. By no act of the stockholders, the by-law-making power of the association, was any attempt ever made to adopt a by-law authorizing loans to be made at a fixed rate of interest and premium. The board of directors had no more power under the statute to adopt such method of making loans than the attorney and secretary of the association would have had, and to hold that because the board of directors adopted and pursued that method for a number of years, during which time appellees negotiated a loan and paid the premiums and interest thereon, would legalize the transaction, would be to nullify the statute. The association is in no better position than it would have

been if there had been no statute providing a method of making such loans. The authorities are clear that where a corporation has no power to contract, performance on either side will not give the unlawful contract validity. (*National Home Building and Loan Ass.* v. *Home Savings Bank,* 181 Ill. 35.) Usury is prohibited by our statute, and while homestead and loan associations are authorized to charge more than the rate of interest allowed by our interest laws, they can only do so by a compliance with the act under which they are incorporated. (*Borrowers' and Investors' Building Ass.* v. *Eklund,* 190 Ill. 257; *Jamieson* v. *Jurgens,* 195 id. 86.) It is just as illegal and contrary to public policy for associations like appellant to charge more for a loan than is allowed by our interest laws, without a compliance with the provisions of the statute authorizing them to do so, as it would be to charge a usurious rate in the absence of the statute. In the *Fritze case, supra,* the association sought to avoid liability under a by-law or resolution adopted by the board of directors April 23, 1892, appointing and employing Fritze as manager of agencies for one year, and it was contended, even if the corporation had not authority to make the contract, it was in good faith performed by Fritze, and as the corporation had received the full benefit of his services it could not avail itself of the defense of *ultra vires,* and on this subject the court said (p. 199) : "The doctrine, however, that a corporation can not avail itself of the defense of *ultra vires* when a contract has been in good faith performed by the other party and the corporation has had the full benefit of its performance, was never held to have any application where such contract is immoral or illegal or prohibited by statute, or where its enforcement would be against public policy."

The payment of usurious interest and other charges made by appellee was, under the circumstances, not a recognition of the validity of the resolution of the board of directors as a by-law. Appellant, by reason of its failure to

comply with the act under which it was organized and doing business, occupied no better position than would an individual who had charged a higher rate of interest than is allowed by statute.

We are of opinion the Appellate Court properly affirmed the decree of the circuit court dismissing appellant's bill, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*