(No. 20313.—

THE ANNA LOAN AND IMPROVEMENT COMPANY, Appellant,
*vs.* L. C. DORRIS *et al.* Appellees.

*Opinion filed February 18, 1931.*

A. J. PICKRELL, FRANK E. TROBAUGH, and MOSES PULVERMAN, for appellant.

D. F. MOORE, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Anna Loan and Improvement Company, a corporation, filed a bill in the circuit court of Franklin county to foreclose a mortgage executed by L. C. Dorris, a widower,

to the complainant. The bill, as amended, was taken as confessed by all the defendants, except Dorris, the mortgagor. He filed two pleas and an answer, each of which was followed by a replication. After a hearing the bill was dismissed for the want of equity. The complainant prosecuted an appeal to the Appellate Court for the Fourth District. The Appellate Court affirmed the decree and, upon a certificate of importance, granted a further appeal to this court.

The appellant, the Anna Loan and Improvement Company, was organized on May 9, 1891, under the Building and Loan Association act, effective July 1, 1879, and had its office at Anna, in Union county. On July 3, 1919, L. C. Dorris, the appellee, a resident of West Frankfort, in Franklin county, subscribed for sixteen shares of the capital stock of the appellant of the par value of one hundred dollars per share, and, on the same day, signed a written application, addressed to the latter's board of directors, for a loan of $1600, at a premium of one per cent per month. The appellee, at the same time, executed a bond in which it was recited that he was indebted to the appellant in the sum of $1600, money lent to him under its constitution and by-laws on account of his shares of stock; and he agreed, by the provisions of the bond, to pay the appellant $8 in dues and $16 in premium each month until the shares of stock attained par value or the indebtedness should be fully paid. The bond contained the further provision that, in case of a default in the payment of principal, premium or fines for the period of six months, the shares of stock on which the loan was obtained might be declared forfeited and their withdrawal value applied toward the satisfaction of the indebtedness, and the whole principal debt, premium, fines, taxes and a reasonable solicitor's fee, at the appellant's option, should immediately become due and recoverable. To secure the payment of his indebtedness the appellee, in addition to assigning his certificate of stock, executed a mortgage to the appellant on certain real estate in the city

of West Frankfort. The application for the loan was signed and the bond and mortgage were executed in West Frankfort where the appellant had an agent or representative. The board of directors of the appellant held its meetings at its office in Anna and the appellee did not appear before the board to bid for the loan.

The appellee made the monthly payments of dues and premium for six and one-half years and they aggregated $1860.70. On December 29, 1927, when twenty-eight months had elapsed since the appellee made a payment, the appellant's board of directors adopted a resolution declaring a forfeiture of the appellee's stock and directing a foreclosure of the mortgage. The present bill, filed pursuant to that resolution, claimed that the appellee still owed the appellant $962.88.

The appellee by his first plea interposed the defense that the appellant was not a legal entity and by the second that the issuance of the stock certificate to him and the taking of the bond and mortgage from him were beyond the corporate power of the appellant. By his answer he specifically denied the material allegations of the bill and averred that the appellant could only contract for premiums, fines and interest on the loans which it made by a strict compliance, first, with the statute under which it was organized and second, with the by-laws which it had adopted pursuant thereto; that the premium had not been fixed in accordance with the statute or by-laws; that it was uncertain because it was required to be paid during an indefinite period of time, and that it exceeded seven and amounted to twelve per cent per annum and was therefore usurious.

The court, by its decree, found that the premium charged the appellee had not been fixed in accordance with the governing statute or the by-laws of the appellant; that the appellant had not, by its by-laws, dispensed with the lending of its money upon bids in open meetings of its board of directors; that the money lent the appellee was not offered

upon such bids nor lent to the member offering the highest premium for the preference or priority of the right to a loan of money; that the pretended premium was but a shift and device to exact interest in excess of seven per cent per annum; that the loan was usurious, and since the appellee had paid $1860.70 or a sum in excess of the principal, that no part of the loan remained unpaid.

Several contentions are urged by the appellant for a reversal of the circuit court's decree. They may be reduced to three, namely, that there was a sufficient compliance with the provisions of the act under which the appellant was organized to exempt the particular loan from the operation of the general interest laws of the State; that by the payment of dues and premium for six and one-half years without objection, the appellee is estopped from interposing as a defense to the present suit any irregularity in the making of the loan, and finally, that the appellee, in his answer to the bill, failed to aver facts sufficient to constitute the defense of usury.

Section 19 of the act in relation to mutual building, loan and homestead associations, effective July 1, 1919, (Cahill's Stat. 1929, p. 725; Smith's Stat. 1929, p. 764), provides that the board of directors of every such association shall hold meetings not less frequently than once a month, as may be prescribed by the by-laws; that at such meetings the money in the treasury shall be offered openly for loans and the shareholders who shall bid the highest premium for the preference or priority, shall have the right to borrow one hundred dollars for each share of stock held by them, and that the premium bid may be deducted from the loan in one amount or may be paid in such proportionate installments and at such times during the existence of the shares of stock borrowed upon as may be designated by the by-laws of the association; provided that the association may, by its by-laws, dispense with the offering of its money for bids in open meeting and instead may lend its money at a

rate of interest, or interest and premium, to be fixed by the directors, deciding the preference or priority of the right to a loan by the priority of the shareholders' approved applications therefor. Since corporations organized under the act are of the nature of co-operative associations, section 23 provides that no interest, premiums, fines or interest on premiums that may accrue to the corporation according to the provisions of the act, shall be deemed usurious and that they may be collected as other debts. Sections 8 and 11 of the act entitled "An act to enable associations of persons to become a body corporate to raise funds to be loaned only among the members of such association," in force July 1, 1879, (Laws 1879, p. 83; 2 Jones & Addington's Stat. Annotated, pp. 1633, 1637), are substantially the same as sections 19 and 23 of the Building, Loan and Homestead Association act effective July 1, 1919.

The plan provided by section 19, of requiring the association at regular meetings of its board of directors, publicly to offer loans of the money in its treasury to the shareholders who shall bid the highest premium for the preference, or the alternative plan authorized by the proviso to the section of dispensing, by its by-laws, with the solicitation of bids in open meeting and substituting therefor a rate of interest or interest and premium, fixed by the directors and deciding the right to a loan by the priority of the shareholders' approved applications, must be followed in order to exempt a loan otherwise usurious, from the operation of the general interest laws of the State. The premium is a bonus paid by the shareholder for the privilege of being preferred as a borrower over other shareholders. If contracted by means of a bid at a public meeting of the board of directors or at a fixed rate in lieu of bids, a by-law having dispensed with the necessity of calling for them, the premium may lawfully be collected. Building and loan associations are not invested by statute with unrestricted power to enter into private contracts with indi-

vidual shareholders for interest or premium without regard to the general laws limiting the rate of interest which may be charged. Only by observing the provisions of the statute may a building and loan association obtain a higher return upon the money which it lends to its shareholders than is otherwise permitted by law. (Sec. 23, Building, Loan and Homestead Association act, 2 Smith's Ann. Stat. 1930, p. 1705; *Cobe* v. *Guyer,* 237 Ill. 568; *Free Home Building, Loan and Homestead Ass'n* v. *Edwards,* 223 id. 126; *Jamieson* v. *Jurgens,* 195 id. 86; *Borrowers' and Investors' Building Ass'n* v. *Eklund,* 190 id. 257). The exemption created by section 23 is limited to interest, premiums, fines or interest on such premiums as may accrue, "according to the provisions of this act." *Borrowers' and Investors' Building Ass'n* v. *Eklund, supra.*

The appellee, by the provisions of his bond, agreed to pay the appellant a return upon the loan substantially in excess of the legal rate of interest. The transaction was therefore usurious unless the premium which the appellee agreed to pay was determined in one of the two modes prescribed by section 19 of the Building, Loan and Homestead Association act. The appellant did not offer its money to the appellee and its other shareholders at a public meeting of its board of directors to be lent at the highest premium which might be bid for it. The bid of the appellee was neither made at a meeting of the board of directors of the appellant, nor was it submitted in competition with other bids. The appellant had not adopted a by-law dispensing with bids for loans of its money at open meetings of its board of directors as it had authority to do under the proviso to section 19. On the contrary, the by-laws of the appellant provided that its board of directors should, on the fourth Wednesday evening of each month, hold regular meetings to lend the money in the treasury and to transact the other business of the appellant; that, at each of these meetings, the board should offer the preference for

the money available for loans to the highest bidder for priority of right; that each of the appellant's stockholders, for every share of stock owned by him, should be entitled to receive a loan of not more than one hundred dollars and should pay monthly such premium as the stockholder offered for his priority of right. Without observing either alternative prescribed by section 19, the appellant assumed authority to enter into a contract with the appellee, as one of its stockholders, for the payment of a premium nearly twice the maximum rate of interest allowed by the general statute relating to that subject. The transaction was therefore usurious, and since the appellee has re-paid a sum in excess of the principal of the loan, the circuit court properly dismissed the appellant's bill to foreclose the mortgage.

The contention that the payment of dues and premium by the appellee during a considerable period without objection, creates an estoppel, denying him the right to interpose as a defense to this suit, the appellant's non-compliance with the provisions of the statute governing the making of the loan, cannot be sustained. The appellant had no power to make the contract for the payment of a premium in excess of the maximum rate of interest fixed by general law, save in one of the two modes prescribed by section 19. The statute was wholly disregarded; the power to make the contract was wanting, and performance by either party would not give it validity. To sustain the contention would be to nullify the statute. *National Home Building and Loan Ass'n* v. *Home Savings Bank,* 181 Ill. 35; *Free Home Building, Loan and Homestead Ass'n* v. *Edwards, supra.*

The contention that the answer of the appellee failed to aver facts sufficient to constitute the defense of usury cannot avail the appellant. It was averred in the answer that the premium exceeded seven, and was equivalent to twelve per cent per annum and that it was not fixed in accordance with the statute or appellant's by-laws. No exceptions were taken to the answer, but a replication was filed.

An answer may be defective, yet if a replication is filed, the defects of the answer will be waived. (VanZile's Equity Pleading, sec. 239). The facts constituting the usury were averred in the answer and the appellant was apprised of the defense interposed to its bill. Both parties offered evidence concerning the method adopted by the appellant in making the loan. The contention therefore has no substantial basis.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*