Franklin County Building Association, Appellant, v. John Cravens and Ida Cravens, Appellees.

Opinion filed May 8, 1936.

Moses Pulverman, of Benton, for appellant.

D. F. Moore, of Benton, for appellees.

Mr. Justice Stone delivered the opinion of the court.

The appellant, Franklin County Building Association, was complainant in a bill to foreclose a mortgage executed by the appellees, John Cravens and Ida Cravens. The court below entered a decree declaring the sum of $300.70 due the association and granting the foreclosure of the mortgage. The appellant contends that a decree in the sum of $4,246.42 should have been entered in its favor.

Subsequent to the entry of the decree by the trial court, the legislature passed a curative act relating to loans by such associations as appellant, and subse-

quent to the decree, this court decided the case of *Stricklin v. Eldorado Bldg. & Loan Ass'n,* 280 Ill. App. 580. Both, we think, have application to this case.

Appellees became members of the association on September 26, 1921, at which time they agreed to purchase 30 shares of stock of a par value of $100 each, and at which time they borrowed the sum of $3,000 from the association, giving a mortgage on their home to secure the loan, and giving their note by which they agreed to pay the association as follows: "Ten and 50/100 Dollars, monthly dues, upon said shares of stock aforesaid, and also the sum of fifteen dollars, interest monthly, together with fifteen dollars, premium, monthly, upon said loan, all to be paid on Monday, preceding the first Tuesday of each and every month hereafter until said loan, with interest and premium thereon, shall have been liquidated under the Charter and By-laws of said association, by the said shares of capital stock aforementioned having reached their par value."

The association had had a by-law which provided for the same interest, but a smaller premium than that called for by the note. At an adjourned meeting held on July 21, 1921, the shareholders adopted a by-law, the material part of which follows: "The money in the treasury shall be loaned at a premium of six per cent, which premium shall be paid in equal instalments, and in addition to the premium such loan shall bear interest at the rate of six per cent per annum, which premium and interest shall be due and payable in advance on the tenth day of each month at the same time the dues on such stock are due and payable, and which payment of premiums and interest shall be made during the existence of the shares of stock borrowed upon or until such loan is repaid." This by-law was not submitted for approval until 1927. It was approved by the Attorney General on November 28, 1927,

certified by the auditor of public accounts on the same day, and recorded in Franklin county on November 30, 1927.

The trial court held that this amendment was not effective at the time the loan here involved was made, and that the Validating Act of 1927 (Illinois State Bar Stats. 1935, ch. 32, ¶ 420, subsec. 7), did not affect such loan. That section cured the failure to record those amendments which had received the approval of the Attorney General and which had been certified by the auditor. It did not purport to excuse the failure to secure the approval of the Attorney General or the certificate of the auditor. We think the trial court was right in this holding at the time the decree was entered.

Appellant contended that this matter was passed upon by this court in the case of *Franklin County Bldg. & Loan Ass'n v. Blood,* 255 Ill. App. 175, on p. 185. The chief matter there before the court with respect to the Validating Acts (of 1925 and 1927) was their application to matters of organization of the association. The matter of usury was completely disposed of by the holding that a purchaser taking subject to the incumbrance could not be concerned with the matter of usury in the contract between the original parties thereto. The court there said that the evidence showed that the by-law involved was adopted before the loan was made.

This brings us to the contention that the Validating Act of 1935 (Illinois State Bar Stats. 1935, ch. 32, ¶ 420, subsec. 14) is controlling. Such curative acts are controlling even though passed after judgment in the trial court if the matter is on appeal, or for other reason has not been finally disposed of. *People v. Madison,* 280 Ill. 96, on p. 102. The court there said:

"We must dispose of the case under the law in force at this time, and not as it was when the judgment was

rendered in the circuit court. (*Vance v. Rankin,* 194 Ill. 625.)''

That acts curing defects in corporate activities, by excusing informalities in the conduct of business, in cases where the legislature could originally have authorized the doing of business in the manner in which it was actually done, do not deprive the original parties concerned of any vested rights, is the holding in *Steger v. Traveling Men's Bldg. & Loan Ass'n,* 208 Ill. 236. That case distinguishes between original parties to the contract and subsequent bona fide lienholders.

However, we think the holding of the trial court concerning the usurious nature of the premium on the loan must be affirmed upon another ground, the reasons for which are fully set forth in *Stricklin v. Eldorado Bldg. & Loan Ass'n,* hereinbefore referred to.

The answer asserts that the note given by appellees was not in conformity with the by-law or any by-law. Under the holding of the trial court it was not necessary to consider whether the note conformed to the amended by-law referred to. It now becomes necessary to consider that. The by-law is practically identical with that considered by us in the case of *Stricklin v. Eldorado Bldg. & Loan Ass'n, supra.* We there held that the premium of ''six per cent to be paid in equal installments'' as described in that by-law, did not mean a premium of six per cent per annum, especially since it was followed, in the same by-law, by a provision for interest at ''the rate of six per cent per annum.'' We there held that a premium like the one in this note did not conform to the by-law, and consequently did not meet the requirements of the statute. We do not here repeat the considerations which moved us to so construe this language in the *Stricklin* case. They are fully set out there, and are equally applicable to this case.

After holding that the loan was not in conformity with the original by-laws or statute, the trial court ordered the application of all payments made by appellees to principal. In the similar situation presented by the *Stricklin* case we held that the interest, being separately provided for, might be allowed. We so held because we thought that holding represented the better equitable principle and we thought we were sustained therein by the authority of *Lurton v. Jacksonville Loan & Bldg. Ass'n,* 187 Ill. 141. That suit being a bill by the borrower to redeem the mortgage, it also came within the principle that he who seeks equity must do equity. *Garlick v. Mutual Loan & Bldg. Ass'n,* 129 Ill. App. 402.

Here the borrower being simply a defendant in a bill to foreclose the mortgage, it is contended that we have no choice in this matter but to order the application of all payments to principal of the loan. Section 6 of the law in relation to the rate of interest (Illinois State Bar Stats. 1935, ch. 74, ¶ 6), *Anna Loan & Improvement Co. v. Dorris,* 342 Ill. 567; *Cobe v. Guyer,* 237 Ill. 568; *Free Home Bldg., Loan & Homestead Ass'n v. Edwards,* 223 Ill. 126; *Jamieson v. Jurgens,* 195 Ill. 86; and *Borrowers' & Investors' Bldg. Ass'n v. Eklund,* 190 Ill. 257, are cited by appellant.

The question is an important one. We are cognizant of the statutory provision requiring application of payments to principal in the case of usurious contracts generally. We recognize the fact that in the cases cited, all payments were applied to principal. We are of the opinion that the result reached in the *Stricklin* case, *supra,* is the result which must be reached here upon the general principles of equity, and unless, having regard for the special statutory provisions with respect to usury in the Building and Loan Act, the decided cases prevent, that result must follow here.

We think the decided cases do not interfere with that result. In the case of *Anna Loan & Improvement*

*Ass'n v. Dorris, supra,* it appears that the premium and interest were not separately provided for. The whole charge for the money in that case was one per cent a month, which was designated premium. In *Borrowers' & Investors' Bldg. Ass'n v. Eklund, supra,* the note was for $1,400, and the proceeds received by the borrower amounted to $850. The borrower agreed to pay interest at six per cent per annum on the note. The premium discount having been illegally fixed, it is clear that the interest was also illegal, for the agreement was to pay six per cent per annum on $1,400 when the principal debt was only $850. It should also be noted that neither the premium nor the interest were fixed in the manner provided by statute or by such of the by-laws as were valid. In *Free Home Bldg., Loan & Homestead Ass'n v. Edwards, supra,* there was a separate provision for the payment of premiums and interest. There, as in the *Eklund* case, *supra,* neither the premiums nor the interest were fixed in the manner provided by any valid by-law. In *Cobe v. Guyer, supra,* neither the premiums nor the interest were fixed in the manner provided by any valid by-law. In each of the last three above cited, the by-laws sought to be upheld having been held invalid, the only proper method of making a loan was to put the money up for competitive bidding.

Here, prior to the adoption of the by-law which appellant sought to have sustained (and which we think the Validating Act of 1935 does sustain) there was a valid by-law which provided that interest upon loans should be at the rate of six per cent per annum. The validity of that by-law providing for a premium of four per cent and for interest at the rate of six per cent per annum is not in dispute.

We think also that the finality of the authority cited would be questionable where the question presented in the form in which it is presented here does not appear from those opinions, to have been raised. We do not

wish to be understood to question the correctness of those decisions, or to give the impression that those cases make the distinction we made in the *Stricklin* case, and make here. We are of the opinion that those decisions do not interfere with the result which ought to be reached here.

We come now to a consideration of the principles which sustain our conclusion. It has always been the rule that, where there were no statutory provisions which interfered, and in some jurisdictions where the statutory provisions did interfere, that one who sought relief from a court of equity from a usurious contract, was compelled to do equity,—to pay the legal rate of interest. See 27 Ruling Case Law, p. 264, "Usury," section 67, and authorities there cited. Even though the borrowers here do not, technically speaking, seek equity, by filing a bill seeking affirmative relief, we are entitled to consider that principle as equity, and if the law does not forbid, to arrive at a result in harmony therewith.

Section 23 of the Building and Loan Act (Illinois State Bar Stats. 1935, ch. 32, ¶ 397) exempts from the operation of usury laws interest, fines, premiums, and interest on premiums, accruing according to the provisions of the act. We think the interest which is here separately provided for, and which is provided for in accordance with an admittedly valid by-law, does accrue in accordance with the provisions of this act.

In *Lurton v. Jacksonville Loan & Bldg. Ass'n*, 187 Ill. 141, the same instrument which provided for legal interest on the principal of the loan provided for illegal interest on other advances made by the association. The court held that the provisions were severable, and that the interest could be allowed on the principal, and denied on the advances. There is no rule which requires a court to hold all provisions of a contract invalid where distinct parts of the contract, standing by themselves, would be valid, simply because

legal and illegal provisions are made in the same instrument. The same considerations controlled the decision in *Ammondson v. Ryan*, 111 Ill. 506, and in the cases cited in 66 Corpus Juris, p. 241.

We think that justice requires that we follow the rule we announced in the *Stricklin* case, and make it applicable to this case even though the borrowers here are simply defendants.

Appellant has contended that the payment of dues, premium and interest for a period of 69 months should estop the appellees from asserting the defense of usury. We think that proposition is settled contrary to appellant by a long line of decisions including, especially, *Free Home Bldg., Loan & Homestead Ass'n v. Edwards*, 223 Ill. 126, and *Anna Loan & Improvement Co. v. Dorris*, 342 Ill. 567. We are further of the opinion that the assertion of appellant that the interest and premium were fixed by the directors in accordance with the statute, is without merit, because no by-law gave the directors that authority, all existing by-laws impliedly denied such authority, and there is no resolution or other action of the directors showing an attempt by the directors to control this matter.

Appellant makes certain contentions with respect to the refusal to admit in evidence, as an exhibit, the amended by-law here discussed, and with respect to the refusal to permit amendment of the pleadings to set up the estoppel asserted. Appellee contends that the exhibit should have been denied admission for reasons additional to those passed upon. We think the decision could not be different whether those rulings were or were not proper.

The decree of the circuit court of Franklin county will be reversed and remanded. The trial court is directed to allow simple interest on the loan at the rate provided in the note and to credit all payments on the account so computed.

*Reversed and remanded.*