## POST OFFICE EMPLOYEES CREDIT UNION OF NEW ORLEANS v. MORRIS et al.*

### No. 16239.

Court of Appeal of Louisiana. Orleans.

Feb. 7, 1938.

*Rehearing granted March 21, 1938.

Ogden & Woods, of New Orleans, for appellants.

Rayl & Loeb, of New Orleans, for appellee.

McCALEB, Judge.

On August 3, 1927, Charles A. Morris, a member of the Post Office Employees Credit Union, applied for and obtained a loan from it in the sum of $400. As security for the repayment of the obligation, he, with William Douglass, Noah J. Bennett, Alfred Gueringer, and H. C. Clark, as comakers, executed a promissory note in favor of the credit union in the full sum of $400, payable in monthly installments of $40 each, with interest at the rate of 12 per cent. per annum, payable 1 per cent. per month, on the unpaid balance. The note further provided that, in case of any default in the payments, the entire balance due thereon should immediately become exigible. In addition to the stipulation with respect to the repayment of the obligation, the comakers also agreed to pay all fines imposed by the credit

union in accordance with section 4 of article 6 of its by-laws, which were fixed by said by-laws at the sum of 1 cent on each $2 or fraction thereof of payments which might become in arrears, and they further covenanted to pay an additional sum equal to 20 per cent. on the aggregate of principal, interest, and fines due on the note should it become necessary to place the same in the hands of an attorney for collection.

Morris and the other makers defaulted on the note and the Post Office Employees Credit Union has brought this suit for recovery of the balance due on principal, interest, and fines, together with attorney fees. The suit is against Morris, Douglass, Bennett, and Gueringer. The other comaker has not been included as a defendant for the reason that he is out of the jurisdiction of the court and the plaintiff requests that its rights against him be reserved. A default judgment was taken against the defendant Douglass.

Morris, Bennett, and Gueringer have defended the suit on the ground that the fines sought to be collected by the plaintiff are illegal as being violative of Act No. 40 of 1924, the statute which governs the functions of credit unions.

After hearing in the lower court, there was judgment in favor of the plaintiff as prayed for and defendants Morris, Bennett, and Gueringer have appealed from the adverse decision.

The chief dispute presented in argument and in brief in this court relates to the plaintiff's right to recover the fines imposed by it. Act No. 40 of 1924 provides for the formation, operation, and regulation of credit unions. By section 14 thereof, a credit union may lend money to its members at reasonable rates of interest which shall not exceed 1 per cent. per month computed on unpaid balances.

■ Counsel for the defendants argue, at the outset, that the charges or fines imposed by the union can, in no case, exceed interest at the rate of 1 per cent. per month as set forth by section 14. This point is without merit for the reason that paragraph 9 of section 1 of the statute plainly contemplates that charges, in addition to the interest provided, may be imposed against the borrowing members of the credit union who fail to meet their obligation punctually. Section 1 of the statute provides, in substance, that certain designated persons may apply to the state bank commissioner for permission to organize a credit union upon

compliance with the requirements of the act. This section further declares:

"The act of incorporation shall state:
* * *

"(9) The charges, if any *(which shall not exceed the limit set by the department of banking), which shall be made for failure to meet obligations punctually,* whether or not the corporation shall have the power to borrow, the method of receipting for money, the manner of accumulating a reserve fund and determining a dividend, and such other matters, consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question. The determination of these matters may be left to the Board of Directors." (Italics ours.)

Counsel for the defendants also maintain that, even though it is held that fines, in addition to the interest, are permitted by the statute, these charges cannot be recovered in this case because they have not been provided for and fixed in plaintiff's charter of incorporation. In answer to this point, counsel for plaintiff assert that, while section 1, paragraph 9, of the act contemplates that the charges for failure to meet obligations punctually shall be stated in the charter, this declaration of legislative intention is not mandatory in view of the last sentence of paragraph 9, reading: "The determination of these matters may be left to the Board of Directors."

■ Whether or not counsel for plaintiff are correct in their contention, we need not decide because we are of the opinion that the fines, in the instant case, cannot be recovered, since plaintiff's authority to make the levy has not been passed upon and approved by the state bank commissioner. It is clear to us that, even though section 1, paragraph 9, of the statute is construed to mean that the board of directors of a credit union is authorized to impose fines or other charges upon its delinquent borrowers by enactment of by-laws or rules, the charges must be submitted to and be sanctioned by the state bank commissioner in order to have legal effect. The language of paragraph 9, reading: "The charges, if any (which shall not exceed the limit set by the Department of Banking)" succinctly demonstrates this conclusion.

Counsel for plaintiff, however, contend that the evidence submitted by the credit union in this case shows that the fines sought to be recovered have been approved and in-

dorsed by the state bank commissioner. It is true that plaintiff has offered a document signed by J. S. Brock, state bank commissioner, wherein he certifies that this credit union has complied with the provisions of Act No. 40 of 1924 and is authorized to do business in accordance with that law, and has also submitted a certified copy of article 6, section 4, of its by-laws wherein its board of directors has provided for the levy of the fines it now seeks to enforce. But the certificate of the state bank commissioner does not exhibit that he examined or approved the charges or fines provided for by the by-laws. The certificate merely approves the creation of the credit union and authorizes it to engage in business. Of course, if the fines sought to be collected were provided for in the plaintiff's charter, the certificate of the state bank commissioner, approving the organization, would be sufficient to disclose the commissioner's approbation of all fines or charges contemplated therein. But, as we have said, there is nothing contained in the charter which relates to the imposition of a fine upon delinquent borrowers and there is likewise an absence of proof that the state bank commissioner has sanctioned the by-laws (wherein the authority for levying the fine is contained.) The clause in the statute providing that the charges shall not exceed the limit set by the Department of Banking reveals an unmistakable legislative intention to require all credit unions to submit the proposed fines or charges to the state bank commissioner for his approval. There is no showing in the instant case that such has been done. Hence, we are of the opinion that the district judge erred in permitting the plaintiff to recover the fines sued for.

Counsel for plaintiff also assert that the defendants, as members of the credit union, are without right to question the validity of the charges. The case of Fire & Marine Agency, Inc., v. New Orleans Insurance Exchange, 154 La. 1039, 98 So. 658, is cited in support of this proposition. That case is inapposite to the question presented here for the reason that the defendants are not seeking to prohibit the union from expelling them, but are resisting the payment of a fine, the levy of which was unauthorized by law.

The defendants question the right to the plaintiff to insist upon the stipulation for 20 per cent. attorney fees, on the ground that the statute does not sanction the inclusion of those charges. This contention is not meritorious. See Foundation Finance Co., Inc., v. Robbins, 179 La. 259, 153 So. 833.

In view of our conclusion that the plaintiff is not entitled to have judgment for the fines imposed by it, it is necessary to amend the judgment of the district court. The note is for $400 and is dated August 3, 1927. From that day, to and inclusive of May 2, 1932, the defendants paid on account of principal and interest the total sum of $393. These payments have been made in small amounts at irregular intervals and, in order to calculate the sum presently due, we have applied these payments, first to interest, and then to the reduction of the principal. Our computation reveals that on May 2, 1932, the defendants owed a balance of $206.70 on the principal obligation. Since that date, the defendants have made small payments on account of interest (as admitted by counsel for plaintiff) amounting in total to $50.-69, to which they are entitled as a credit.

For the reasons assigned, the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Post Office Employees Credit Union of New Orleans, La., and against the defendants, Charles A. Morris, Noah J. Bennett, and Alfred Gueringer jointly, severally and in solido, condemning them to pay unto the plaintiff the full sum of $206.70, with interest at the rate of 1 per cent. per month from May 2, 1932, until paid, together with 20 per cent. attorney fees on the aggregate of principal and interest, subject, however, to a credit of $50.69 on account of interest past due. The plaintiff's right to proceed against H. C. Clark, comaker with defendants on the note herein sued upon, is reserved. As thus amended, the judgment appealed from is affirmed. Costs of the district court to be paid by the defendants; costs of this appeal to be borne by the plaintiff.

Amended and affirmed.