POST OFFICE EMPLOYEES CREDIT UN-
ION OF NEW ORLEANS v. MORRIS
et al.

No. 16239.

Court of Appeal of Louisiana. Orleans.
Oct. 17, 1938.

For former opinion, see 178 So. 525.

Ogden & Woods, of New Orleans, for appellants.

Rayl & Loeb, of New Orleans, for appellee.

McCALEB, Judge.

Our original opinion in this matter rejecting the plaintiff's claim for penalties was based upon a finding of fact that no evidence had been adduced at the trial below to prove that the levies had been submitted to and approved by the State Bank Commissioner as required by paragraph 9 of section 1 of Act 40 of 1924. See La. App., 178 So. 525. On application for rehearing, in contesting the soundness of our

conclusion in that respect, plaintiff directed our attention, for the first time, to certain testimony given by its President to the effect that the schedule of fines embodied in the by-laws of the credit union had been submitted to the State Bank Commissioner and had received his approbation. As a consequence, this rehearing was granted in order to consider the asserted mistake in our finding of fact and to re-examine the question of the legality of the charges for which recovery is sought.

■ Mr. Duvernay, the plaintiff's President, testified at the trial that the schedule of fines provided for in the credit union's by-laws had been approved by the Banking Department. His evidence went into the record without objection and has not been assailed in any respect. We therefore deem it to be sufficient to establish that the fines imposed by the plaintiff did not exceed the limit set by the Department of Banking.

Elimination of the foregoing question of fact in the case makes it necessary for us to determine the more serious proposition of law raised by counsel for the defendants (upon which we reserved judgment in our original opinion) viz.: whether the fines now in controversy were unlawfully imposed in view of the fact that the charter of the credit union does not state that the corporation is empowered to levy fines against its delinquent borrowing members.

We have previously found that the statute contemplates the imposition by credit unions of penalties against their delinquent borrowers. The power thus conferred is contained in paragraph 9 of section 1 of the Act. Section 1 provides, in substance, that any seven persons may apply to the State Bank Commissioner for permission to organize a credit union by signing an act of incorporation in which they shall bind themselves to comply with its requirements and with all laws and regulations applicable to credit unions. It is further provided that "The act of incorporation shall state:" certain essential matters which are specifically enumerated in the nine succeeding paragraphs. Under paragraph 9 is found the clause authorizing credit unions to impose charges upon its delinquent borrowers, which reads as follows: "The charges, if any (which shall not exceed the limit set by the Department of Banking) which shall be made for failure to meet obligations punctually, whether or not the corporation shall have the power to borrow, the method of receipting for money, the

manner of accumulating a reserve fund and determining a dividend, *and such other matters,* consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question. The determination of *these matters* may be left to the Board of Directors." (Italics ours)

Counsel for the defendants assert that, inasmuch as plaintiff's charter does not state the charges which it will levy against its debtors, the imposition of the fines herein sued for are not recoverable.

On the other hand, counsel for plaintiff tell us that the provisions of paragraph 9 of section 1 of the Act are not mandatory and they point with confidence to the last sentence of paragraph 9, reading: "The determination of these matters may be left to the Board of Directors", in fortification of their argument. It is said that, by virtue of that sentence, the penalties to be levied by credit unions need not be inserted in the charter but may be fixed by the Board of Directors of the corporation subject, of course, to the approval of the State Bank Commissioner.

■ We find ourselves unable to agree with the plaintiff's contention for to do so would result in the deletion of the mandatory provisions of the Act. In considering the context of the statute, we are mindful of the familiar rule that the courts are bound to give effect to the Act as a whole and that no sentence, clause or word should be construed as unmeaning or as surplusage if a construction can be legitimately found which will give force to and preserve all the words used by the Legislature. It seems too obvious for extended discussion that, when the Legislature declared that the act of incorporation shall state "the charges, if any (which shall not exceed the limit set by the Department of Banking) which shall be made for failure to meet obligations punctually," it meant that, before any credit union could avail itself of the privilege of exacting penalties from its borrowers, the charter must contain a recital of the amount and nature of the charges to be imposed and that such charges be approved by the Banking Department. The last sentence of the paragraph (upon which the plaintiff relies) might seem at first blush to be inconsistent with the mandatory provisions respecting the essential recitals to be contained in the charter of the corporation. But when the paragraph is read as a whole, it will be

noted that this permissive grant to the Board of Directors applies only to "such other matters" which need not be specifically stated in the charter. In other words, this clause does not refer to the charges to be levied by the corporation (which must be stated in the charter) but to the latter part of the preceding sentence reading "and such other matters, consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question." The words "The determination of these matters" refer to and are connected with only that part of the previous sentence beginning with the words "and such other matters."

We further opine that it was the plain intention of the Legislature, in enacting this statute, to require all credit unions desiring to take advantage of the unusual privileges granted to them, to set forth in their charter the penalties they intended to exact and have the State Banking Department pass upon and approve such fines before the Bank Commissioner issues his certificate permitting the corporation to engage in business. Inasmuch as the plaintiff's charter does not set forth the charges to be levied against its borrowing members, it is without the right or power to collect the fines now in contest.

The plaintiff, in a supplemental brief which we have just received, contends that we should not consider defendants' plea that the charter of the credit union does not state the charges to be imposed by it because the defendants' answer to its petition does not contain a special plea in that respect. This proposition is without merit because the defendants have denied their liability for the penalties and the burden of proof was upon plaintiff to exhibit that it had the authority and power to levy them.

Plaintiff further calls our attention to the fact that its charter has not been filed in evidence and that therefore the defense of the respondents may not be considered. This point is likewise not meritorious and comes in ill grace from the plaintiff inasmuch as, at the time the case was argued, its counsel took the position that it was not necessary that the charges imposed by it be stated in the charter. Furthermore, since the burden was upon plaintiff to establish its right to exact penalties, it was encumbent upon it, in making out its case, to introduce its charter in evidence.

For the reasons assigned, our original opinion, as amplified and corrected in the manner herein set forth, and our original decree are reinstated as the final judgment of this court.

Original decree reinstated.