189 So. 566

**POST OFFICE EMPLOYEES' CREDIT UNION OF NEW ORLEANS, LA., v. MORRIS et al.**

No. 35124.

May 1, 1939.

Rehearing Denied May 29, 1939.

Rayl & Loeb, of New Orleans, for plaintiff and applicant.

Ogden & Woods and L. D. Dunbar, all of New Orleans, for defendants.

Harold Moses, of New Orleans, for Louisiana Credit Union League, amicus curiæ.

ROGERS, Justice.

This case is before us for review of a judgment of the Court of Appeal for the Parish of Orleans. The relator is the Post Office Employees' Credit Union of New Orleans, Louisiana, a credit union organized under the provisions of Act 40 of 1924. The suit is one by relator against Charles A. Morris, as principal, and three other persons as co-makers on a promissory note for $400, payable in monthly installments of $40 each. The note stipulates the payment of interest at the rate of one per cent per month on the unpaid balance, plus fines imposed by the by-laws of the plaintiff credit union and twenty per cent as attorney's fees. Plaintiff's demand was for judgment for the balance due on the principal, interest, fines and attorney's fees. A fourth co-maker, being out of the jurisdiction of the court, was not sued, plaintiff reserving all its rights as to him. A default judgment was taken against one of the defendant co-makers.

Morris, the principal, and the two other defendant co-makers, resisted the suit on the ground that the fines and attorney's fees claimed by plaintiff were violative of Act 40 of 1924. Judgment was rendered against defendants in the district court but was amended in the appellate court, which dis-allowed the charges and fines in excess of twelve per cent a year.

There were two hearings before the Court of Appeal. On the original hearing, 178 So. 525, the court held that the excessive charges and fines could not be recovered because plaintiff's authority to levy those penalties had not been approved by the State Bank Commissioner. On the rehearing, 183 So. 609, 611, the court held that it was in error in its original opinion in finding as a fact that the levy of the penalties had not been approved by the State Banking Department, but the court, nevertheless, reinstated its judgment, holding that as Act 40 of 1924, the governing statute, required credit unions to "set forth in their charter the penalties they intended to exact," and as plaintiff's charter does not comply with that statutory provision, plaintiff had no right to recover the penalties which it sought to exact.

Relator complains that the Court of Appeal went beyond the record in holding that the fines sought could not be recovered because they were not provided for in the charter of the plaintiff credit union. Relator contends that no such issue was raised by the pleadings, and that, as a matter of fact, the charter itself was not filed in evidence and was not before the court.

The Court of Appeal rejected relator's contention on the ground that as the defendants had denied any liability for the penalties, it was incumbent upon the relator to produce its charter for the purpose of establishing its right to recover the penalties, which relator had not done because

of its contention it was not necessary that the penalties imposed be included in the charter.

The defendants contended in the Court of Appeal, and they contend in this Court, that the penalties claimed by relator cannot be allowed because they were not stated in relator's charter. On the other hand, relator maintained in the Court of Appeal, and it maintains in this Court, that under the terms of the statute it was unnecessary that the penalties be fixed in its charter. These contentions comprise the most serious question in dispute between the parties and is a question that should be decided in this case. If defendants are correct in the position assumed by them, it would be highly technical to impose an illegal charge upon them by the maintenance of relator's objection. On the other hand, if relator is correct in its contention, it would be to relator's manifest advantage to have the contention upheld by the Court. In the interest of justice, the case could be remanded for the introduction of relator's charter in evidence and for such other proceedings as the nature of the case might require. However, it would be useless to do this since relator does not contest the fact that the penalties sought to be recovered were not fixed in its charter, relator relying solely upon the proposition that this was not necessary, it being sufficient that the penalties were fixed in its by-laws, which were approved by the State Bank Commissioner.

The question involved in the foregoing contentions of the parties requires an interpretation of Act 40 of 1924, the statute under which the relator Credit Union was organized and is operating. An examination of the statute discloses that it contemplates an imposition by credit unions of penalties against their delinquent borrowers. The right to exact such penalties is expressly granted by paragraph 9 of section 1. That section, after providing for the number and qualifications of persons who may, with the permission of the State Bank Commissioner, organize a credit union, declares that "The act of incorporation shall state" certain essential matters which are set forth in the nine succeeding paragraphs. The authority, conferring upon credit unions the right to impose charges upon its delinquent borrowers, is embodied in paragraph 9, which reads as follows: "The charges, if any (which shall not exceed the limit set by the Department of Banking) which shall be made for failure to meet obligations punctually, whether or not the corporation shall have the power to borrow, the method of receipting for money, the manner of accumulating a reserve fund and determining a dividend, and such other matters, consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question. The determination of these matters may be left to the Board of Directors."

Relator concedes that the requirements of paragraphs 1 to 7, both inclusive, of section 1, must be included in the charter of a credit union, but relator denies that the requirements of sections 8 and 9 must likewise be included in the act of incorporation.

So far as concerns paragraph 9, which is the paragraph we are dealing with here, relator argued in the Court of Appeal that by virtue of the last sentence of the paragraph reading, "The determination of these matters may be left to the Board of Directors," the penalties levied by a credit union need not be embodied in its charter, but may be fixed by its board of directors, subject to the approval of the State Bank Commissioner. The Court of Appeal refused to adopt this argument, holding that for it to do so would result in the deletion of the mandatory provisions of the statute. The Court of Appeal declared that under the ruling requiring courts to give effect to statutes as a whole, it was bound to hold that the permission granted to the board of directors contained in the last sentence of paragraph 9 applies only to "such other matters" as need not be specifically set forth in the charter. "In other words, this clause does not refer to the charges to be levied by the corporation (which must be stated in the charter) but to the latter part of the preceding sentence reading 'and such other matters, consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question.' "

The Court of Appeal reached the conclusion that "it was the plain intention of the Legislature, in enacting this statute, to require all credit unions desiring to take advantage of the unusual privileges granted to them, to set forth in their charter the penalties they intended to exact and have the State Banking Department

pass upon and approve such fines before the Bank Commissioner issues his certificate permitting the corporation to engage in business."

And the Court of Appeal held that "inasmuch as the plaintiff's charter does not set forth the charges to be levied against its borrowing members, it is without the right or power to collect the fines now in contest."

It may be true, as argued by relator, that the Court of Appeal was in error in holding that the last sentence of paragraph 9, "The determination of these matters may be left to the Board of Directors," does not apply to the preceding sentence as a whole but only to that part of the sentence reading, "and such other matters, consistent with the provisions of this Act, as may be required to perfect the organization and make possible the operation of the credit union in question." But the error of the Court of Appeal, if it were an error, does not require the reversal of its judgment.

It is not disputed by relator that the requirements of the first seven paragraphs of section 1 are mandatory and must be included in the act of incorporation of a credit union. The eighth paragraph of section 1, after prescribing the conditions under which shares might be issued, transferred and withdrawn, loans made and repaid, and the funds otherwise invested, declares that: "the determination of these matters may be vested in the Board of Directors." In other words, so far as concerns the requirements of this paragraph, it is not necessary that

the charter set forth these things in detail. It is only necessary that the charter should include the declaration that they are to be vested in the board of directors, thus placing them, by virtue of the charter itself, under the control of the board of directors. The same thing is true of the requirements set forth in the ninth paragraph of section 1.

In construing section 1 as a whole, it is clear that the charter of a credit union must set forth in detail, as provided in paragraph 9, the charges it will levy against its debtors, its power to borrow, the method of receipting for money, the manner of accumulating a reserve fund and determining a dividend and such other matters consistent with the statute as may be required to complete the organization and make possible the operation of a credit union, unless the organizers avail themselves of the permission granted in paragraph 9 to leave the determination of these matters to the board of directors. But the power of the board of directors in this regard must be conferred by the charter itself. The organizers of a credit union are not authorized to omit from its charter the requirements of paragraph 9, unless they provide in the charter that those matters are to be regulated by the board of directors. Apparently there is no such provision in the charter of the relator credit union.

As the charter of relator neither fixes nor authorizes its board of directors to fix the penalties imposed on borrowing members, relator is without right to recover the penalties in dispute and they were properly disallowed by the Court of Appeal.

Relator denies the right of the defendants to question the validity of the penalties sought to be imposed upon them because, as members of the credit union, they voluntarily accepted the by-laws as well as the charter of the corporation. In support of its proposition, relator cites American Homestead Co. v. Linigan, 46 La.Ann. 1118, 15 So. 369, and Fire & Marine Agency, Inc. v. New Orleans Ins. Exch., 154 La. 1039, 98 So. 658. But those cases are not appropriate to the question involved in this case.

Defendants are not attempting to deny the existence of the charter or by-laws of the credit union, but are defending a case involving an action on a note stipulating for the recovery of penalties that the makers of the note claim its holder is not entitled to exact under the law.

Relator, under its charter, had no power to impose the penalties sought to be recovered from the defendants and, therefore, defendants' membership in the credit union is not sufficient to create an estoppel denying defendants the right to interpose, as a defense to its suit, relator's non-compliance with the provisions of the law governing the making of the loan. Anna Loan & Improvement Co. v. Dorris, 342 Ill. 567, 174 N.E. 865, 74 A.L.R. 973; Central Transportation Company v. Pulman's

Palace Car Company, 139 U.S. 24, 48, 11 S.Ct. 478, 484, 35 L.Ed. 55, 64.

█ Relator invokes the doctrine of contemporaneous construction, contending that since its enactment the State Banking Department has interpreted the statute as authorizing the imposition of fines by credit unions without including the right to do so in the charter but solely by the adoption of by-laws by the board of directors. Relator's proposition is untenable. There is no evidence of any interpretation of the statutory provision by the State Banking Department in the record. Moreover, the State is not a party to the suit, which is one solely between the relator and the defendants. It would seem to be clear that any interpretation the State Banking Department may have placed upon the statute cannot estop the defendants as third persons wholly unconnected with the State from contesting the imposition upon them of an alleged illegal penalty.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

O'NIELL, C. J., dissents on the ground that, if the charter of a credit union, organized under authority of Act No. 40 of 1924, does not state the charges which shall be made for failure to meet obligations punctually, et cetera, the determination of these matters is left to the board of directors, according to Section 1 (9) of the statute.